(May 15, 1914.)

## ALICE E. BALDWIN, Respondent, v. W. B. McFARLAND, Sheriff, et al., Appellants.

[141 Pac. 76.]

COMMUNITY PROPERTY—SEPARATE PROPERTY OF WIFE—SUFFICIENCY OF EVIDENCE.

    1. Evidence in this case examined, and *held* sufficient to support the finding and judgment that the property levied upon was the separate property of the wife and not the community property of the husband and wife.

    2. Evidence examined and *held* sufficient to support the judgment.

APPEAL from the District Court of the Eighth Judicial District for the County of Kootenai. Hon. R. N. Dunn, Judge.

Action to restrain and enjoin the sale of certain real estate on execution issued against the plaintiff's husband. Judgment for the plaintiff. Defendants appeal. *Affirmed.*

Ezra R. Whitla, for Appellants.

"Real estate conveyed to the wife during coverture is presumed to be community property. . . . . " (*Stowell v. Tucker,* 7 Ida. 312, 62 Pac. 1033.)

When this presumption has passed it then follows that it is incumbent upon the plaintiff or anyone attempting to show property to be separate property to make this appear by clear and convincing proof.

McNaughton & Berg, for Respondent.

The judgment debtor having put nothing into the property, his creditors can take nothing out of it. (*Gladstone Lumber Co. v. Kelly,* 64 Or. 163, 129 Pac. 763; *Heinrich v. Heinrich,* 2 Cal. App. 479, 84 Pac. 326; *Oldershaw v. Matteson & Will-*

*iamson Mfg. Co.*, 19 Cal. App. 179, 125 Pac. 263; *Flournoy v. Flournoy*, 86 Cal. 286, 21 Am. St. 39, 24 Pac. 1012; *Stewart v. Weiser Lumber Co.*, 21 Ida. 340, 121 Pac. 775.)

AILSHIE, C. J.—This action was brought by the plaintiff, Alice E. Baldwin, against W. B. McFarland, as sheriff of Kootenai county, and against the other defendants to enjoin and restrain the sale of certain real estate which the sheriff had levied upon under an execution issued in the case of W. H. Ferrell against J. B. Baldwin. J. B. Baldwin is the husband of the respondent, Alice E. Baldwin. The property had been levied upon for the collection of a judgment against the husband. The wife commenced this action to enjoin the sale of the property, alleging that the property levied upon was her separate estate.

The complaint alleges, and the evidence discloses, a detailed history of the acquisition of this property. It would be entirely useless to reiterate the history of these several transactions and of the acquisition of this property in a written opinion. The important and decisive question to be determined in the case is as to whether this was the separate property of the wife, or community property of both husband and wife. The appellant has the same understanding of the question involved, and states in his brief as follows: ·

"The whole issue in this case resolves itself down to a question as to whether or not the plaintiff has the title to the property in controversy, and whether or not it was secured so as to make it her separate property within the meaning of sec. 2676, Rev. Codes."

Our examination and consideration of the record and briefs · in the case, and the law applicable thereto, satisfies us that the trial judge reached the correct conclusion, and that this property is the separate property of the wife, and was not subject to execution for the collection of the husband's debt. To our minds this case falls within the rule announced in *Stewart v. Weiser Lumber Co.*, 21 Ida. 340, 121 Pac. 775, and

the long line of cases from this court followed in the Stewart-Weiser Lumber Company case.

The judgment should be affirmed, and it is so ordered. Costs awarded in favor of the respondent.

Sullivan, J., concurs.