(October 23, 1914.)

BANK OF OROFINO, a Corporation, Appellant, v. W. A. WELLMAN and P. E. McROBERTS, Copartners Doing Business Under the Firm Name and Style of WELL-MAN–McROBERTS CO. and ORA WELLMAN, Respondents.

[143 Pac. 1169.]

MARRIED WOMAN—SEPARATE PROPERTY—FRAUD—PROOF—COMMUNITY PROPERTY—CREDITORS OF HUSBAND—ATTACHMENT—IMPROVEMENTS ON WIFE'S SEPARATE PROPERTY—ESTOPPEL IN PAIS—EVIDENCE—FINDINGS OF FACT.

1. *Held*, that the finding of facts in this case to the effect that the property in controversy was the separate property of the wife was sustained by the evidence.

2. *Held*, that to constitute estoppel *in pais*, there must have been either false representation as to material facts or wrongful, misleading silence. (Bigelow on Estoppel, p. 602.)

3. *Held,* that a husband when free from debts and liabilities may make a gift to his wife from their community property, and that the same will then become her separate property and will not be liable for debts subsequently contracted by him.

APPEAL from the District Court of the Second Judicial District for Clearwater County, from a judgment and decree in favor of respondent, Ora Wellman. Hon. Edgar C. Steele, Judge.

Action to determine the title to a certain lot situate in the city of Lewiston, Idaho, and claimed to be owned as her separate property by the said Ora Wellman; and not to in any way or manner interfere with the validity of appellant's judgment heretofore entered in said court. *Affirmed.*

John R. Becker, for Appellant.

The separate character of the property must be established by something more than a mere preponderance of the evidence. It is hardly possible for a creditor to prove, or to offer any evidence tending to prove, that the sister of the debtor did not, at one time, make the debtor's wife a present of several hundred dollars in cash.

It is not only necessary for these respondents to satisfactorily show that the wife came into possession of separate funds through one of the recognized sources of separate acquisition, but those identical funds must be traced into the investment which she claims is a part of her separate estate. (*Patterson v. Bowes,* 78 Wash. 476, 139 Pac. 225; McKay, Community Property, sec. 265; *Riebli v. Husler,* 7 Cal. Unrep. 1, 69 Pac. 1061; *Ramsdell v. Fuller,* 28 Cal. 37, 87 Am. Dec. 103; *Chapman v. Allen,* 15 Tex. 278; *Claiborne v. Tanner,* 18 Tex. 69; *Dominquez v. Lee,* 17 La. 295; *Webb v. Peet,* 7 La. Ann. 92; *Smith v. Smith,* 12 Cal. 216, 73 Am. Dec. 533; *Meyer v. Kinzer,* 12 Cal. 247, 73 Pac. 538; *Smith v. Weed,* 75 Wash. 452, 134 Pac. 1070; Ballinger, Community Property, sec. 40.)

"A spouse who has by his or her acts or conduct induced third persons to deal with property as separate will be es-

topped afterward to deny that it is separate, where to permit him to do so would operate to the prejudice of such third persons. And the same principle is applicable to property represented or treated as community property." (21 Cyc. 1654; *Patton v. Gates*, 67 Ill. 166; *Coon v. Rigdon*, 4 Colo. 275; *Roberts v. Bodman etc. Lumber Co.*, 84 Ark. 227, 105 S. W. 258; *Hobbs v. Frazier*, 61 Fla. 611, 55 So. 848; *Million v. Commercial Bank*, 159 Mo. App. 601, 141 S. W. 453.)

"In the states where the wife has the control of her separate property, there would seem to be no reason why creditors of the community might not at any time subject to the payment of their claims funds applied to the wife's separate benefit, with her express or implied consent." (McKay, Community Property, sec. 250; *Maddox v. Summerlin*, 92 Tex. 483, 49 S. W. 1033; *Collins v. Bryan*, 40 Tex. Civ. App. 88, 88 S. W. 432.)

George W. Tannahill, for Respondents.

The improvements became a permanent part of the wife's property and no creditor then existed to challenge the same. (*Ware v. Seasongood*, 92 Ala. 152, 9 So. 138; McKay on Community Property, sec. 250.) In the case at bar, the record is silent of any indication of fraud.

"Where the husband erects a building on land of his wife, the law presumes that he intended it for her benefit." (*Appeal of Connecticut Humane Society*, 61 Conn. 465, 23 Atl. 826; *Metropolitan Nat. Bank v. Rogers*, 47 Fed. 148.)

"The mere fact that a husband, by his labor, has improved the real estate of his wife, will not render it subject to his debts." (*Cox v. Bishop*, 2 Ky. Law Rep. 310; *McFerrin v. Carter*, 62 Tenn. (3 Baxt.) 335; *Webster v. Hildreth*, 33 Vt. 457, 78 Am. Dec. 632.)

"In order to estop a married woman from asserting her claim to real estate, it is essential that she be guilty of positive fraud, or some act of concealment or suppression equivalent to fraud." (*Williamson v. Gore* (Tex. Civ. App.), 73 S. W. 563; *McClain v. Abshire*, 72 Mo. App. 390; *William-*

*son v. Jones,* 43 W. Va. 562, 64 Am. St. 891, 27 S. E. 411, 38 L. R. A. 694; *Kemp v. Folsom,* 14 Wash. 16, 43 Pac. 1100; *Harris v. Van De Vanter,* 17 Wash. 489, 50 Pac. 50; *Steed v. Petty,* 65 Tex. 490; *Johnson v. Bryan,* 62 Tex. 623.)

TRUITT, J.—In this case the Bank of Orofino, situated in the town of Orofino in Clearwater county, in this state, recovered a judgment for $2,542.13 and for costs in the district court for said county on December 8, 1913, from W. A. Wellman and P. E. McRoberts, copartners doing business in said town of Orofino under the firm name of the Wellman-McRoberts Co. This company had been engaged in business for some years prior to December 4, 1913, and at that date the company was financially in failing circumstances, and for the purpose of making a distribution of their property among all their creditors said W. A. Wellman and P. E. McRoberts at said date made an assignment of their stock of merchandise, together with all accounts receivable, to one J. B. Campbell, as assignee, and also deeded to said Campbell certain real property in said town of Orofino. At the commencement of the action of said bank in which said judgment was obtained against Wellman and McRoberts, an attachment was issued and levied upon said merchandise and said real property in Orofino, and also upon certain real property in Nez Perce county, Idaho, standing on the records of said county in the name of said W. A. Wellman, and upon lot 1 of block 13 of Riverview addition to the city of Lewiston, in said Nez Perce county, standing on record in said county in the name of his wife, Ora Wellman, which is the subject of the controversy in this case. The testimony is not disputed to the effect that this property was purchased by said Ora Wellman with her own money in March, 1906, and that the improvements thereon were put upon the property during the spring of the same year. On December 11, 1913, a stipulation in writing was entered into by and between all the parties interested by which the said bank released its attachment on all the said property and agreed to share the estate *pro rata* with all the other creditors of said Wellman

and McRoberts, and also to the property in Lewiston claimed by Ora Wellman, the said stipulation being as follows as to the property claimed by said Ora Wellman:

"It is further agreed that the title to the said property claimed by Ora Wellman may be tried out in the above-entitled cause upon complaint in intervention, and answer thereto, the parties hereto waiving any objections on the ground that the complaint in intervention was not filed prior to the entry of judgment or default, it being considered that the sole purpose of the complaint in intervention is to try out the title to the lot situate in the city of Lewiston, and claimed to be owned as separate property by the said Ora Wellman, and not to interfere in any way or manner with the validity of the plaintiff's judgment heretofore entered."

According to the terms of this stipulation, on December 18, 1913, said Ora Wellman filed her complaint in intervention in said district court, in which she recited the facts of the attachment of said lot 1 of block 13, Riverview addition to Lewiston, Idaho, and claimed the same as her sole and separate property; she alleged that the attachment was a cloud upon her title, and asked that it be removed, and that said bank be enjoined from selling the property. To this complaint the bank filed its answer, denying the material allegations of the complaint, and setting up as a separate and affirmative defense certain facts tending to defeat plaintiff's claim of title to said property as alleged in her complaint. On the issues thus made by the pleadings the cause was tried by the court without a jury on March 13, 1914, and the court's findings of fact relating to the property in controversy are as follows:

"III.   That the intervenor, Ora Wellman, is the owner of lot 1 of block 13 of Riverview Addition to the city of Lewiston, Idaho, which is the separate property of the intervenor, Ora Wellman."

And as to the material allegations of intervenor's complaint, the court found as follows:

"V.   That all the material allegations of intervenor's complaint in intervention are found to be supported by the evi-

dence and true, and all the material denials and affirmative matter alleged in plaintiff's amended answer thereto are found to be unsupported by the evidence and untrue.''

The principal question presented in this case is as to whether the respondent has the title to the property in controversy, and whether she secured it so as to make it her sole and separate property within the meaning of sec. 2676, Rev. Codes, and this was the main question presented to this court in *Stewart v. Weiser Lumber Co.*, 21 Ida. 340, 121 Pac. 775, and in the case of *Baldwin v. McFarland,* decided May 15, 1914, and reported *ante,* p. 85, 141 Pac. 76, the same question was again presented to it and briefly disposed of in this way :

''Our examination and consideration of the record and briefs in the case, and the law applicable thereto, satisfies us that the trial judge reached the correct conclusion, and that this property is the separate property of the wife, and was not subject to execution for the collection of the husband's debt. To our minds, this case falls within the rule announced in *Stewart v. Weiser Lumber Co.,* 21 Ida. 340, 121 Pac. 775, and the long line of cases from this court followed in the Stewart-Weiser Lumber Co. case.''

But there are two other questions raised by appellant's brief and oral argument in the case at bar that are not directly passed upon in this line of cases as we understand them. These are (1) whether community funds put into improvements on the wife's separate property can be traced and recovered by a creditor of the husband; and (2) if not, whether in this case the respondent is estopped from claiming this property as her sole and separate estate by reason of having permitted her said husband to use, improve and deal with it as it is alleged he did in appellant's said answer to intervenor's complaint. Under sec. 2676, Rev. Codes, it is provided that, ''All property of the wife owned by her before marriage, and that acquired afterwards by gift, bequest, or descent, or that which she shall acquire with the proceeds of her separate property, shall remain her sole and separate property, to the same extent and with the same effect, as the property of a husband similarly acquired.'' The evidence

conclusively shows that the said lot was purchased with said Ora Wellman's own money, and $100 of her own money went into improvements thereon, but the improvements except as to the $100 were placed upon said property with community funds. It is not claimed that these improvements were made with said Ora Wellman's separate money, but her husband testified that the part of these improvements put on the lot with community funds was a gift from him to his said wife. On this point W. A. Wellman, the husband, testified as follows: ''Q. What was your idea in moving the building on this lot and putting it upon Mrs. Wellman's lot? A. I had to get it off the Yantis lots and she owned that lot in Riverview Addition, and I gave her that building to put on it as a home. Q. What was your intention as to its being her property? A. It was her property. Q. Did you retain any interest or attempt to retain any interest in the building on the lot? A. Not a dollar. Q. Were you indebted to anyone at that time? A. No, sir. Q. Were you indebted to anyone at the time this building was constructed? A. No, sir. Q. Were you in debt to anyone at the time Mrs. Wellman purchased this lot? A. No, sir.''

The case of *Maddox v. Summerlin*, 92 Tex. 483, 49 S. W. 1033, 50 S. W. 567, is relied upon by counsel for appellant in support of this point as a leading case in the line of authorities approving the holding of the court in that case on this question. For this reason we have read and analyzed this opinion and find that this point was presented there, but the case turned upon the vital question embraced in the following quotation from the opinion in that case:

''We conclude that the land of the wife cannot be sold at the suit of the creditor, unless the facts shall show that the husband made the improvements with his own or the community funds, with intent to defraud his creditors, and that the wife, knowing of such intent, participated in the fraud. What may be the proper remedy to accord to the plaintiffs will depend upon the development of the case on another trial, and we refrain from making any suggestions, except to say that the house, when constructed upon the separate

property of the wife, if paid for with community funds, did not become her separate property, but remained a part of the community estate, as was the money with which it was built, and, being community property, it is liable, if otherwise subject to sale, to the debts of the husband. If the husband intended the house as a gift to the wife, it was void as to existing creditors, and is subject to their debts as if not given to her, unless she shows that, when the gift was made, he had enough property remaining to pay all of his existing debts. The law will not presume it to be a gift, in the absence of evidence to show such intention."

The decisive and crucial point is in the one sentence in the above quotation: "If the husband, *being a debtor*, intended the house as a gift to the wife, it was void as to *existing* creditors, and is subject to their debts as if not given to her, unless she shows that, when the gift was made, he had enough property remaining to pay all his *existing* debts." The italics are ours, and are intended to emphasize the vital and decisive difference between that case and the case at bar. There is no legal objection to the gift as such of the property in that case made by the court, provided that it was not repugnant to a certain statute which was in force at that time in the state of Texas, this statute being as follows: "Every gift, conveyance, assignment, transfer or charge made by a debtor, which is not upon consideration deemed valuable in law, shall be void as to prior creditors unless it appears that such debtor was then possessed of property within this state subject to execution sufficient to pay his existing debts." It will be observed that under this statute as to pre-existing debts, the gift was *prima facie* void and the property was subject to the payment of *pre-existing* debts, unless the donee should make it appear that the person making the gift at the time it was made possessed property within that state subject to execution sufficient to pay all his existing debts, and if this was done the gift would be legal and unobjectionable. Now, the statute of this state as to the property of the wife applies the same rule to her separate property that is applied to the property of the husband similarly acquired. The

transfer of property by a husband to his wife in this state stands in the same relation to his creditors as any other transfer or conveyance. If he is out of debt and has no other legal liabilities, he has a perfect right to give his wife any of his property, or all of it if he is so inclined. But sec. 3169 is intended to protect creditors against a debtor conveying his property away to any person, including his wife, if done "with intent to delay or defraud any creditor or other person of his demands, and is void against all creditors of the debtor and their successors in interest." Whether in a given case the transaction is sincere and *bona fide,* or a mere device as a cover to conceal the real ownership of the husband to his property and thus delay or defraud existing creditors is the true test, and this is a question of fact to be determined by a jury or by the court when hearing the case without a jury. (*Knapp v. Smith,* 27 N. Y. 277.)

Another authority relied upon by appellant is *Collins v. Bryan,* 40 Tex. Civ. App. 88, 88 S. W. 432, which is also a Texas case. In that case the trustee in bankruptcy of A. L. Collins brought suit against Sallie Collins, the wife of said A. L. Collins, alleging that when insolvent and just prior to being adjudged a bankrupt, with intent to hinder, delay and defraud his creditors, said A. L. Collins conveyed to his said wife certain real property described in the complaint; and, further alleging, if not entitled to recover the land, that while still seised with the title to said land said A. L. Collins expended $1,000 out of the community estate upon this land in the way of improvements, and asked for a lien for said amount upon such improvements. The lower court found that the land belonged to said Sallie Collins, but that A. L. Collins had expended the sum of $300 of the community funds on improvements on this land, and that to that extent the improvements were community property, and ordered them sold and that the trustee be paid $300 out of the proceeds. Sallie Collins appealed from this judgment, and one of the material points presented on the appeal was as to whether said improvements were a gift from her husband, and the court disposed

of that in the opinion in this way: "Improvements erected upon land, the separate property of the wife, by the husband out of community funds, will not be presumed to be a gift, in the absence of evidence to show such intention. There was no pleading or proof in this case that the improvements in controversy were intended by the husband of appellant Sallie Collins as a gift to her." In fact, she alleged in her answer that the improvements were placed on the land by her father and mother prior to the date that they conveyed the same to her, and that her husband, A. L. Collins, did not put said improvements or any part of them upon the property out of either his separate estate or the community property. The very material difference between this case and the one at bar is that the evidence shows that the property claimed by respondent herein was put upon her separate property as a gift from her husband for the purpose of giving her a home, at a time when neither the community nor the husband were in debt in any sum whatever, and the testimony of the husband is that the same was a gift from him to his said wife.

We have examined the three cases referred to in *Maddox v. Summerlin, supra,* in support of the opinion of the court in that case, and find that all relate to and are based upon the material fact that the husband in each case was *insolvent* when the respective improvements were put upon the wife's property.

In *Kirby v. Bruns,* 45 Mo. 234, 100 Am. Dec. 376, it is held that, "The value of improvements placed by the husband on the land of the wife may be reached through appropriate chancery proceedings, and the amount thereof applied to the payment of claims existing against him at the time of such investment." Bruns at the time of making the conveyance to his wife in this case was insolvent, and the suit was brought by his creditors for the purpose of subjecting said property to their claims. In *Lynde v. McGregor,* 13 Allen (Mass.), 182, 90 Am. Dec. 188, the rule is announced that, "If the wife of an insolvent debtor, not knowing his pecuniary condition, mortgages land, which she holds as her separate property, as security for money advanced to him, and he thereafter, within

six months before the commencement of proceedings in insolvency, knowing himself to be insolvent, with intent to defraud his creditors, and with the fraudulent participation of the mortgagee, expends money in improving and building upon the land, the assignee in insolvency may maintain a bill in equity against her, her husband and the mortgagee to compel the payment to him of the amount of the increased value of the land, by reason of the husband's expenditures thereon''; and in *Humphrey v. Spencer,* 36 W. Va. 11, 14 S. E. 410, which is a West Virginia case, the court decided this same point, and held that the improvements placed by the husband upon his wife's separate estate as a gift was void as to his *existing debts* under a statute of that state.

We have referred to these authorities presented by appellant to sustain his position in the case, not to approve of the rather extreme doctrine announced by some of them upon this question, but rather to show that if adopted as authority herein, they would not sustain the contention of appellant in this case under the facts as shown by the record. But there is a line of authorities that take a more liberal view of this question as to the rights of married women, and hold that when improvements are put upon a wife's separate property by her husband who is free from debt at the time, it attaches to the realty, becomes a part of it, and cannot be reached by subsequent creditors of the husband unless the wife participated in a fraudulent investment of the funds put into the improvements. However, in deciding this case, we deem it unnecessary to review them.

But we think the case of *Peck v. Brummagim,* 31 Cal. 440, 89 Am. Dec. 195, is almost directly in point on this question as presented in the case at bar. It is announced in that case that the husband ''when free from debts and liabilities may make a gift to his wife of either real or personal property which at the time was the common property of the husband and wife, and the same will become her separate property and will not be liable for debts by him afterward contracted,'' and further, ''if the husband uses money which is the common property of the husband and wife in erecting a house on

land which is the separate property of the wife, the house, if it is a part of the realty, becomes the separate property of the wife.''

Now, in the case before this court, the evidence shows that the husband was not in debt, ''didn't owe a dollar,'' at the time this property was purchased, and was not indebted when the improvements were put on it. The lot was purchased with his wife's own money given to her by Mrs. Hurlbert, her sister in law, for her separate property to buy a home with, and the deed was made to her, and the title to the property was still in her name of record when attached by appellant bank for debts which the husband had incurred long after the transaction of purchasing and improving said property. In these circumstances, if W. A. Wellman at the time of the transaction wished to move a certain barn that the testimony shows was upon his own property on to his wife's lot and convert it into a dwelling for their home and gave it to her, it became a part of her said realty, the title to the premises then vested in her, and subsequent debtors of her husband cannot subject it to the payment of their debts. We think the trial court decided correctly on this point.

Coming now to the question of estoppel, we shall dispose of this very briefly. In Bigelow on Estoppel, 6th ed., 602, the author says:

''We have now to consider cases in which one man has, otherwise than by contract, caused another to believe something which afterward it would be unjust for the former to repudiate. There are two classes of cases of this kind, to wit, cases of representation and cases of silence, or, more fully, cases of false representation and cases of wrongful, misleading silence. Representation, as the term must here be understood, imports some word or act; silence, the entire absence, on the part of the person silent, of word or act. And wrongful, misleading silence is here, and for the present, to be understood as silence by a person aware of his rights, and of what is going on, while those rights are being disposed of by another.''

In *McClain v. Abshire,* 72 Mo. App. 390, a distinction is drawn in favor of a married woman as to matters of property between her and her husband, and such matters where the peculiar relationship does not exist. This distinction is expressed as follows:

"Before a married woman can be estopped to claim her separate property against a lien attempted to be created by her husband, she must know of his creating such lien and act in such manner as to induce the other party to rely upon the lien; and in applying the principles of estoppel, the peculiar relationship existing between husband and wife will be considered by the courts."

In *Steed v. Petty,* 65 Tex. 490, the generally received rule on the subject of estoppel *in pais* is announced as follows: "Among other requisites, two must concur to constitute an estoppel. First, there must have been a false representation or a concealment of material facts; second, the party to whom the representation was made or from whom the material facts were concealed must have been ignorant of the existence of the facts concealed or of the falsity of the representation."

We do not think in this case that the facts as shown by the testimony establish an estoppel against respondent, Ora Wellman, regarding her rights to the property in controversy, and, therefore, decline to disturb the findings of the trial court covering this point. The judgment is affirmed, with costs to respondent.

Sullivan, C. J., concurs.