LILLIE McMILLAN, Respondent, v. E. N. McMILLAN, Appellant.

[245 Pac. 98.]

FRAUDULENT CONVEYANCES — TRANSFER TO GRANTOR'S WIFE WITHOUT CONSIDERATION—WIFE'S ACTION TO QUIET TITLE—FINDINGS.

1. Generally, transfer of property with intent to defraud a creditor is void as against creditors, but a man may, in good faith, convey his property to his wife, or anyone else, and it is of no concern to his creditors if he still retains sufficient property to satisfy their legal demands.

2. In order to set aside a conveyance as fraudulent, there must be fraud of vendor and injury to creditor.

3. Where secured creditor, alleging fraudulent conveyance by debtor, merely proved transfer and debt and subsequent foreclosure of security with deficiency judgment, it was not necessary for grantee to prove that donor was solvent when transfer was made, as fact of subsequent deficiency is of no consequence, if security was sufficient at time of conveyance.

4. Under C. S., sec. 5435, gift from a man to his wife, or conveyance to another without consideration, is not *prima facie* fraudulent, but evidence is required from which intent to defraud may be inferred.

5. Validity of transfer from husband to wife as fraudulent conveyance against creditors does not depend on subsequent events.

6. Where husband, at time of contract for purchase of property, instructed vendors to name wife as grantee, and deed left in escrow was, through mistake, executed to husband, wife became vested with equitable title, and, being in actual possession, was entitled to have title quieted as against husband's creditor alleging fraudulent conveyance to wife, irrespective of validity of subsequent alteration of deed.

7. Appellate court is in no position to say that testimony taken before trial court was not true.

8. Failure of court to make finding which would not be in conflict with other findings was not error.

9. Failure to make specific findings was not error, where court found ultimate facts and findings supported decree.

APPEAL from the District Court of the Seventh Judicial District, for Washington County.    Hon. B. S. Varian, Judge.

Action to quiet title.    Judgment for plaintiff.    *Affirmed.*

Ed. R. Coulter, for Appellant.

By the deed from Waters to Hack McMillan, as grantee, the lands in question became the property of Hack McMillan.    The subsequent erasure of his name and the inserting of the name of Lillie McMillan, as grantee, did not divest

Publisher's Note.

1. See 12 R. C. L. 514.
2. See 12 R. C. L. 491.
7. See 26 R. C. L. 1090.

See Appeal and Error, 4 C. J., sec. 2833, p. 848, n. 35, 36; sec. 3044, p. 1059, n. 1.

Fraudulent Conveyances, 27 C. J., sec. 106, p. 467, n. 90, 91, 92; sec. 109, p. 470, n. 7; sec. 160, p. 498, n. 14, 15; sec. 170, p. 503, n. 64; sec. 173, p. 506, n. 86; sec. 248, p. 550, n. 74; sec. 253, p. 553, n. 7; secs. 256, 257, p. 555, n. 18; sec. 408, p. 643, n. 76.

Trial, 38 Cyc., p. 1981, n. 59.

Hack McMillan of the estate, and did not make this property the separate estate of Lillie McMillan. (*Gulf Red Cedar Lumber Co. v. O'Neal*, 131 Ala. 117, 90 Am. St. 22, 30 So. 466; *Gibbs v. Potter*, 166 Ind. 471, 77 N. E. 912; *Stanley v. Epperson*, 45 Tex. 644; *Alexander v. Hickox*, 34 Mo. 496, 86 Am. Dec. 118; *Hancock v. Dodd* (Tenn.), 36 S. W. 742; *Hunt v. Nance*, 122 Ky. 274, 92 S. W. 6; *United States v. West*, 22 How. (U. S.) 315, 16 L. ed. 317; *Woods v. Hinderbrand*, 46 Mo. 284, 2 Am. Rep. 513; *Wheeler v. Single*, 62 Wis. 380, 22 N. W. 569; *Slattery v. Slattery*, 120 Iowa, 717, 95 N. W. 201; *Turner v. Warren*, 160 Pa. 336, 28 Atl. 781; *Catlin Coal Co. v. Lloyd*, 180 Ill. 398, 72 Am. St. 216, 54 N. E. 214; *Respass v. Jones*, 102 N. C. 5, 8 S. E. 770; *Chezum v. McBride*, 21 Wash. 558, 58 Pac. 1067; *Moelle v. Sherwood*, 148 U. S. 21, 13 Sup. Ct. 426, 37 L. ed. 350.)

The pretended gift of this property by Hack McMillan to his wife, Lillie McMillan, was in fraud of the defendant and void. (*Bank of Orofino v. Wellman*, 26 Ida. 425, 143 Pac. 1169; *Printz v. Brown*, 31 Ida. 443, 174 Pac. 1012; *Glover v. Brown*, 32 Ida. 426, 184 Pac. 649; *Moody v. Beggs*, 33 Ida. 535, 196 Pac. 306; *Scharff v. McGaugh*, 205 Mo. 344, 103 S. W. 550; *Harkness v. Smith*, 3 Ida. 221, 28 Pac. 423; *California Consol. Min. Co. v. Manley*, 10 Ida. 786, 81 Pac. 50; *Dill v. Carver*, 70 Wash. 103, 126 Pac. 86; *Bannock National Bank v. Automobile Accessories Co.*, 37 Ida. 787, 219 Pac. 200; *Humbird Lumber Co. v. Doran*, 24 Ida. 507, 135 Pac. 66; *Clifford v. Lake*, 33 Ida. 77, 190 Pac. 714.)

Harris, Stinson & Harris, Jas. A. Stinson and J. W. Galloway, for Respondent.

A husband, not insolvent and in the exercise of good faith, may convey community property to his wife as a gift and the same will thereupon become her separate property. (C. S., sec. 4656; *McKeehan v. Vollmer-Clearwater Co., Ltd.*, 30 Ida. 505, Ann. Cas. 1918E, 1197, 166 Pac. 256; *Printz v. Brown*, 31 Ida. 443, 174 Pac. 1012.)

A party seeking to set aside a gift deed from a husband to his wife on the ground that the husband was insolvent at the time the gift was made must allege and prove insolvency. (*Tainter v. Broderick Land etc. Co.*, 177 Cal. 664, 171 Pac. 679; *Wagner v. Law*, 3 Wash. 500, 28 Am. St. 56, 28 Pac. 1109, 15 L. R. A. 784; *Albertoli v. Branham*, 80 Cal. 631, 13 Am. St. 200, 22 Pac. 404; *Fox v. Lipe*, 14 Colo. App. 258, 59 Pac. 850; *Malagamba v. McLean*, 89 Or. 307, 173 Pac. 1175; *Moritz v. Hoffman*, 35 Ill. 553.)

The name of the grantee in a deed may be changed after the execution and either before or after delivery with the consent of the grantors or their agent. Especially is this true when change is necessary to make deed conform to the original intention of parties. (*Abbott v. Abbott*, 189 Ill. 488, 82 Am. St. 470, 59 N. E. 958; *Lee v. Butler*, 167 Mass. 426, 57 Am. St. 466, 46 N. E. 52; *Thummel v. Holden*, 149 Mo. 677, 51 S. W. 404; Daniel, Negotiable Instruments, 5th ed., par. 1403; *McClure v. Little*, 15 Utah, 379, 62 Am. St. 938, 49 Pac. 298; *Osborn v. Hall*, 160 Ind. 153, 66 N. E. 457.)

WM. E. LEE, J.—While indebted to appellant, on or about October 31, 1919, H. T. McMillan, husband of respondent, entered into a contract for the purchase of the real property involved · in this action, which belonged to one Adams, title to which was in George W. Waters and his son, and testified that it was understood between Waters, Adams and himself that the land should be conveyed to respondent. The indebtedness of H. T. McMillan consisted of the principal and interest of a note for $3,100, payment of which had been secured by a mortgage on 320 acres of other land, and a note for $1,900, payment of which had been secured by a mortgage on a number of horses. In May, 1920, some of the interest having been paid and the horses having been sold with appellant's consent, something like $1,300 was paid to appellant and a new note for $5,737, payment of which was secured by a mortgage on the 320 acres, was executed and delivered to appellant. The note

for $5,737 represented the entire indebtedness due from H. T. McMillan to appellant. It was either in satisfaction of the entire prior indebtedness or a renewal thereof. About three years thereafter the mortgage was foreclosed and the land bought in by appellant for $5,000. A deficiency judgment was entered, to satisfy which the property in controversy was sold under execution. The property purchased from Adams was a gift to respondent from her husband. It was intended as a home for her and they agreed that it be and remain her separate property.

Respondent brought her action to quiet her title. Appellant answered, denied the allegations of the complaint and set up, among other things, that the transfer to respondent was made in fraud of himself, a creditor, and therefore void. The cause was tried to the court without a jury, and findings were made in favor of respondent. Decree was entered quieting her title, from which this appeal is taken. The assignments of error are that the evidence is insufficient to support the findings, that the conclusions and decree are contrary to law and the evidence and that the court erred in its failure to make certain findings.

[1] It is the general rule that a transfer of property with intent to defraud a creditor is void as against creditors; but it is recognized that a man may in good faith convey his property to his wife or anybody else, and it is no concern of his creditors if he still retains sufficient property to satisfy their legal demands. (*Moritz v. Hoffman,* 35 Ill. 553; *Wagner v. Law,* 3 Wash. 500, 28 Am. St. 56, 28 Pac. 1109, 15 L. R. A. 784; *Fox v. Lipe,* 14 Colo. App. 258, 59 Pac. 850; *Kain v. Larkin,* 131 N. Y. 300, 30 N. E. 105.) Many other decisions could be cited in support of this rule. [2] In order to set aside a conveyance as fraudulent, there must be fraud on the part of the vendor and injury to the creditor. (12 R. C. L. 491, sec. 24.)

[3] It is contended that the burden of proof was on respondent to show that H. T. McMillan was solvent, that he had other property sufficient to satisfy his debt when the transfer was made to her. Whatever the general

rule may be with respect to the burden of proof in actions to set aside conveyances alleged to be in fraud of creditors, it must be kept in mind that this action is by a secured creditor, one who held mortgage security for the payment of his debt. The transfer in no manner endangered the mortgage security. The creditor neither alleged nor proved that the mortgaged property was not of sufficient value to pay the debt when the instalment payments for the purchase of the land were made and the gift was made to respondent. In such a case, to make it necessary for the grantee to prove that the donor was solvent when the transfer was made, we are of the opinion that it is not sufficient for a secured creditor to merely prove the transfer, the debt, and the subsequent foreclosure and deficiency judgment.

[4]. Neither a gift from a man to his wife nor a conveyance to another without consideration is *prima facie* fraudulent. (C. S., sec. 5435.) Evidence is required from which an intent to defraud may be inferred. The transfer was not fraudulent if the husband had sufficient remaining property to pay his debt, and respondent was under no necessity at the trial to prove that H. T. McMillan's property was sufficient, when the gift was made, to pay the debt, in the absence of evidence on behalf of appellant that the property mortgaged to secure the payment of the debt was not sufficient for that purpose.

[5] That to satisfy a judgment for the debt, together with costs and attorney's fees, the property was subsequently sold under foreclosure and bought in by the creditor for a sum less than the judgment, resulting in the deficiency judgment, is of no consequence, if the property retained by H. T. McMillan was, when the payments for the land and its gift were made, sufficient to satisfy the then existing debt. The validity of such a transfer does not depend on subsequent events. (27 C. J. 498, sec. 160; *Van Wyck v. Seward*, 6 Paige (N. Y.), 62 (affirmed, 18 Wend. 375); *Polk County National Bank v. Scott*, 132 Fed. 897, 66 C. C. A. 51; *Crandall v. Lee*, 89 Wash. 115, 154 Pac. 190; *Wagner v. Law, supra*; and *Kain v. Larkin, supra*.) And no different rule may be invoked because the transfer was made to

the wife, for this court held in *Bank of Orofino v. Wellman,* 26 Ida. 425, 143 Pac. 1169, that "The transfer of property by a husband to his wife in this state stands in the same relation to his creditors as any other transfer or conveyance."

[6] Respondent is named as the grantee in the deed, but it appears that the name of respondent's husband was originally written in the deed as grantee, and that the alteration was made by Waters. There was sufficient evidence to justify the trial court in believing that McMillan purchased the land for his wife and instructed Adams and Waters to have her named as the grantee. Respondent's husband testified that, at the time the payment of the purchase price was completed and he first saw the deed, it having been in escrow, he discovered that he was named as grantee, and that he objected to the deed in this respect, told Waters "that there was a mistake," and Waters agreed to make the deed to respondent. This testimony is substantially corroborated by Waters, who said he told the attorney to make the desired change. Nothing was done and the matter later came to respondent's attention when, at her instance, Waters took the deed, made the alteration, gave her the deed and she had it recorded. If H. T. McMillan purchased this land for respondent and this fact was understood by Adams and Waters when the purchase was made and they were instructed to have her named as the grantee, surely the gift was not rendered invalid merely because her husband was originally, by mistake or inadvertence, named as grantee in the deed. Under the circumstances, we are bound to conclude that she became vested with equitable title to the land. Conceding even that legal title was not in her and that the alteration was invalid, still she held the equitable title, was in actual possession and was entitled to have her title quieted as against appellant. (*Coleman v. Jaggers,* 12 Ida. 125, 118 Am. St. 207, 85 Pac. 894.)

[7] It is not improper to observe that the decision below depended largely on the credibility of the witnesses. The trial judge saw them, heard them testify, and evidently believed the testimony in behalf of respondent. If true, the

testimony for respondent is sufficient to justify the decision of the trial court, and we are in no position to say that it is not true.

[8] Complaint is made that the court did not find whether the note and mortgage of May 10, 1920, was a payment or renewal of the former indebtedness. A finding that it was a renewal, as alleged by appellant, would not be in conflict with the findings, and the court did not err in failing to make such a finding. (*Pleasants v. Henry*, 36 Ida. 728, 213 Pac. 565.) [9] Other issues presented with respect to which the court failed to make specific findings related to the alteration of the instrument of conveyance, the execution of the deed, and intent to defraud. It was unnecessary for the court to find more specifically on these issues. The court found the ultimate facts and the findings support the decree. We find no error.

Judgment affirmed. Costs to respondent.

William A. Lee, C. J., and Budge, Givens and Taylor, JJ., concur.