327 P.2d 385

**SPOKANE MERCHANTS' ASSOCIATION, a Corporation, Plaintiff-Respondent,**

v.

**Vernon P. OLMSTEAD and O. Pearl Olmstead, Defendants-Appellant.**

No. 8586.

Supreme Court of Idaho.

June 25, 1958.

Daniel A. Quinlan, Lewiston, for respondent.

Eli Rapaich, Wm. J. Jones, Lewiston, for appellant.

TAYLOR, Justice.

Defendants Vernon P. Olmstead and O. Pearl Olmstead (appellant), husband and wife, owned and operated a business known as the Orchards Sport and Cabinet Shop. On and prior to January 1, 1954, defendants had become heavily indebted to creditors who had supplied them with merchandise used in the business. The claims of these creditors were assigned to the plaintiff (respondent). December 30, 1953, the defendants gave plaintiff an assignment of the assets of the business for the benefit of their creditors.

April 9, 1954, the appellant, Mrs. Olmstead, was granted a divorce from defendant, Vernon P. Olmstead. The real property involved in this action was awarded to appellant, O. Pearl Olmstead, as her sole and separate property, pursuant to a property settlement agreement executed by the husband and wife April 3, 1954. Plaintiff brought this action to subject the real property thus awarded to appellant to the payment of the aforementioned debts of the community.

Prior to the commencement of this action the plaintiff had instituted an action in the state of Washington and there had an attachment issued against the property of the husband. That action was later dismissed by plaintiff. This action was commenced November 29, 1954. The defendant husband was not served and made no appearance.

In its complaint, plaintiff alleges that it is a Washington corporation, and "has paid its last annual license fee, and is duly authorized to do business in the State of Idaho." This allegation was met by a general denial. On trial (December, 1956) plaintiff produced exhibit 10, which is a receipt from the secretary of state of the state of Idaho, dated July 11, 1956, and which acknowledges receipt of plaintiff's annual corporation license tax and fee for filing "designation of agent".

■ Defendant assigns as error the finding by the trial court that plaintiff has paid its annual license and is authorized to do business in the state of Idaho, and also the admission in evidence of exhibit 10. These assignments are without merit. Defendant Pearl Olmstead joined in the assignment to plaintiff. She thus dealt with it as a corporation and acknowledged its corporate existence. Shaw Supply Co., Inc., v. Morgan, 48 Idaho 412, 282 P. 492; A. C. Frost & Co. v. Coeur D'Alene M. Corp., 60 Idaho 491, 92 P.2d 1057. The receipt for annual license tax is competent evidence of the right to do business in the state, and is prima facie sufficient. §§ 30–604, 30–605 (as amended) I.C.

■ Defendant urges that plaintiff must establish its right to do business in the state as of the time the action is commenced. We do not agree. The assignment would not be void though plaintiff had not qualified to do business in this state. The disability affects only the remedy. Qualification at the time of trial is sufficient to entitle plaintiff to maintain the action. Katz v. Herrick, 12 Idaho 1, 86 P. 873; Weber v. Pend D'Oreille Min., etc. Co., 35 Idaho 1, 203 P. 891; Moody v. Morris-Roberts Co., 38 Idaho 414, 226 P. 278; Gallafent v. Tucker (analogous) 48 Idaho 240, 281 P. 375; § 30–504, I.C. See also: Exchange Lumber & Mfg. Co. v. Thomas, 71 Idaho 391, 233 P.2d 406.

■ Defendant also assigns as error the action of the court in allowing plaintiff to reopen its case and present further evidence after it had rested and after she had made her motion for nonsuit. Such action was within the discretion of the court, and proper. Union Savings Bldg. & Trust Co. v. McClain, 23 Idaho 325, 130 P. 84; Meservy v. Idaho Irr. Co., Ltd., 37 Idaho 227, 217 P. 595; Kinzell v. Chicago Etc. Ry. Co., 33 Idaho 1, 190 P. 255.

■ The principal error urged for reversal is the conclusion of the trial court that the real property given to the wife in the property settlement agreement and by the decree of divorce, as her sole and separate property, is subject to the payment of community debts incurred prior to such settlement and decree. In this the court did not err. It is true, as defendant urges, that a husband may make a gift of community property to his wife which is valid against creditors, if made when he is solvent, and if he retains sufficient assets to pay all existing debts. § 32–906, I.C.; Gooding M. & E. Co. v. Lincoln Co. St. Bank, 22 Idaho 468, 473, 126 P. 772; Glover v. Brown, 32 Idaho 426, 184 P. 649; Sassaman v. Root, 37 Idaho 588, 218 P. 374; McMillan v. McMillan, 42 Idaho 270, 245 P. 98; Boise Ass'n of Credit Men v. Glenns Ferry M. Co., 48 Idaho 600, 283 P. 1038; Snell v. Prescott, 48 Idaho 783, 285 P. 483; Hobbs v. Hobbs, 69 Idaho 201, 204 P.2d

1034; Annotation, 37 A.L.R. 282. But, if the transfer leaves the husband with insufficient assets to pay existing debts, the property transferred to the wife may be subjected to the payment thereof. Printz v. Brown, 31 Idaho 443, 174 P. 1012; McMillan v. McMillan, 42 Idaho 270, 245 P. 98.

"The transfer of property by a husband to his wife in this state stands in the same relation to his creditors as any other transfer or conveyance. If he is out of debt and has no other legal liabilities, he has a perfect right to give his wife any of his property, or all of it if he is so inclined. But sec. 3169 [§ 55–906, I.C.] is intended to protect creditors against a debtor conveying his property away to any person, including his wife, if done 'with intent to delay or defraud any creditor or other person of his demands, and is void against all creditors of the debtor and their successors in interest.'" Bank of Orofino v. Wellman, 26 Idaho 425, at page 433, 143 P. 1169, 1171.

The fact that the property was also awarded to the wife by the divorce decree does not place it beyond the reach of creditors of the community for satisfaction of debts incurred before the decree. Frankel v. Boyd, 106 Cal. 608, 39 P. 939; Bank of America Nat. Trust & Savings Ass'n v. Mantz, 4 Cal.2d 322, 49 P.2d 279; Vest v. Superior Court, 140 Cal.App.2d 91, 294 P.2d 988; Ryan v. Souza, 155 Cal.App.2d 213, 317 P.2d 655.

■ Defendant also urges laches on the part of plaintiff in that having knowledge of the property settlement agreement and divorce decree, it waited three and one-half months before bringing the action in Washington; that it failed to diligently prosecute its action against the husband. The record does not disclose why the action in Washington was not prosecuted to final judgment. The husband's interest in the real property in Washington was that of a contract purchaser. Defendant testified that she had heard his interest had been foreclosed by the seller. There is no showing that appellant was injured by the delay, and no error appears. Bank of America Nat. Trust & Savings Ass'n v. Mantz, supra.

■ Defendant also assigns as error finding number seven, which is as follows:

"That there is no competent evidence showing that the property transferred to Vernon P. Olmstead by the property settlement agreement and the divorce decree was of sufficient value to satisfy community debts at the time of the transfer; that the evidence tends to prove that the property transferred to Vernon P. Olmstead, the husband,

by the Property Settlement Agreement and divorce decree was of no value."

The finding is supported by the evidence and is conclusive. Parke v. Parke, 76 Idaho 168, 279 P.2d 631; Boise v. Whitlock, 78 Idaho 252, 300 P.2d 504.

The merchandise in the sport shop was destroyed by fire. Defendant calls attention to the fact that the husband received the sum of $10,000 proceeds from a fire insurance policy, shortly before the divorce. This money, however, was applied to the payment of community debts. Defendant, herself, so testified.

Appellant also urges that since her former husband in the settlement agreed to pay these debts, and the court in the divorce decree ordered him to do so, the creditors must look to him. The promise of the husband and the order of the court would entitle appellant to recoupment from the defaulting husband, but neither the promise nor the order can avail to deprive the creditors of their right to subject the former community property to the payment of their claims. Bank of America Nat. Trust & Savings Ass'n v. Mantz, supra.

Other assignments we find to be without merit.

Judgment affirmed.

Costs to respondent.

KEETON, C. J., and PORTER, SMITH and McQUADE, JJ., concur.