[No. 19525. Department One.—March 30, 1895.]

## M. E. FRANKEL, RESPONDENT, v. E. H. BOYD AND S. J. BOYD, DEFENDANTS. S. J. BOYD, APPELLANT.

DIVORCE—AWARD OF COMMUNITY PROPERTY TO WIFE—SUBJECTION TO DEBTS OF HUSBAND.—Where the court, in an action for a divorce, assigns all the community property to the wife, leaving the husband without separate property, the property so assigned is taken subject to the equitable claim of existing contract creditors whose demands are due, or to become due, on account of credit extended to the husband for the benefit of the community during the existence of the marital relation.

ID.—CREDITOR'S BILL—SUPPLIES FURNISHED TO FAMILY—WIFE'S COMPLAINT FOR DIVORCE—RECOGNITION OF DEBTS.—The community property, entirely assigned to the wife in a decree of divorce, may be subjected to a creditor's bill at the suit of a judgment creditor of the husband for supplies purchased by the wife, for which the credit was given to the husband, and which were used by the family before the action for divorce was brought, and which are referred to in the wife's complaint for divorce as due and unpaid for, as a predicate for seeking to have the entire community property set apart to her.

ID.—SPECIFIC LIEN NOT REQUIRED—OBJECT OF CREDITOR'S BILL.—It is not necessary, in order to maintain a creditor's bill, that the plaintiff should have a specific lien upon the property sought to be held liable for the satisfaction of his debt; the nature and purpose of a creditor's bill being to enable the creditor to apply to the payment of his debt the property of the debtor, which cannot be taken in an execution at law, or to aid the creditor in reaching property of his debtor passed beyond the reach of his creditors by ordinary process of law.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial.

The facts are stated in the opinion.

*William T. Kendrick, Kendrick & Kendrick,* and *J. B. Hollaway,* for Appellants.

*Curtis D. Wilbur, Shinn & Wilbur,* and *Wilson & Lamme,* for Respondent.

SEARLS, C.—This is a bill in equity to obtain a decree adjudging certain lands of the defendant S. J. Boyd liable to the satisfaction of a demand of plaintiff for six hundred dollars and interest.

Plaintiff had a decree, as prayed for, from which decree and from an order denying her motion for a new trial said defendant S. J. Boyd appeals.

For many years prior to January 30, 1891, the defendants herein were husband and wife, and the owners of, as community property, a tract of land in the county of Los Angeles, of the value of say fifty thousand dollars, upon which they resided with their family, and upon which they had filed a declaration of homestead. They had no other property than this land and the improvements thereon, together with livestock, farming utensils, furniture, etc., and neither of defendants owned any separate property. There was a mortgage of five thousand dollars upon the property.

The plaintiff herein was a merchant living in the vicinity of defendants, and familiar with their financial standing.

Relying upon the ownership by defendants of said property plaintiff was induced to extend to them credit, and did sell and deliver to the defendant E. H. Boyd (the husband), through defendant S. J. Boyd (his wife), groceries, provisions, etc., for family use, upon credit, until there was due him on said January 30, 1891, the sum of six hundred dollars for goods thus sold.

On January 30, 1891, defendant S. J. Boyd commenced an action against her husband, E. H. Boyd, for a divorce upon the ground of adultery, and procured an injunction against the defendant therein, restraining him from disposing of, encumbering, or interfering with said property, and from collecting any indebtedness due the parties, or either of them.

On the twenty-seventh day of May, 1891, a decree of divorce was made and rendered in said cause in favor of plaintiff and against the defendant therein, and awarding to her, the said S. J. Boyd, all of the community property, including all the property hereinbefore mentioned and referred to, subject to the mortgage of five thousand dollars. Defendant E. H. Boyd was thereby rendered, and ever since has been, insolvent and entirely without property.

On the fourth day of November, 1891, the plaintiff herein, M. E. Frankel, commenced an action against said defendant E. H. Boyd to recover said sum of six hundred dollars so due as aforesaid, and thereafter, and on the thirtieth day of August, 1892, obtained a judgment for said sum, upon which he caused an execution to be issued and levied upon all the right, title, and interest of defendant E. H. Boyd in the land and premises aforesaid.

Appraisers were appointed, and a homestead exemption was set apart, etc. Thereupon said S. J. Boyd served notice upon the sheriff claiming the whole property in fee simple absolute, whereupon the execution was returned unsatisfied, and this action instituted.

The statute of limitations was pleaded by defendant, and the court very properly, as we think, found against the plea.

The action is in the nature of a creditor's bill to have what, at the date when the credit was given, was *community property* appropriated to the payment of a community debt.

The real question is, Has a general creditor of the husband, who has credited the latter upon the faith of

his possession and ownership of community property, a right to follow such property and have a decree establishing the liability thereof for the satisfaction of his demand after such property has been awarded to the wife by a decree of divorce, in a case where the husband had no separate or community property?

The contention of appellant is, that as the decree of divorce duly given and made divested all the community interest in said property, and awarded it to the wife, long before the plaintiff herein acquired any specific lien thereon against the husband, plaintiff cannot, in the absence of fraud, assert any right to have such property appropriated to the satisfaction of his demand.

That the plaintiff has no specific lien upon the property sought to be held liable for the satisfaction of his debt may be conceded.

Had his judgment or execution established such lien there would have been no necessity for this action.

The nature and purpose of a creditor's bill is to enable the creditor to apply to the payment of his debt property of the judgment debtor which, by its nature, cannot be taken in an execution at law, or to convert the holder of a legal estate into a trustee and call for a conveyance, or to have it sold in satisfaction of his claim, or to aid the creditor in reaching property of his debtor by removing fraudulent judgments or conveyances which defeat his remedy at law.

So, too, a creditor's bill will lie to defeat a gift by the debtor, the necessary effect of which is to defeat the existing debt due from him to his creditor, at the date of such gift.

These constitute a few of many instances in which creditors' bills, or bills in the nature of creditors' bills, will lie. In such cases equity proceeds upon the theory that a moral obligation rests upon the debtor to discharge all his debts to the extent of his ability, and that in so far as he has, without the sanction of positive law, placed his assets beyond the reach of his creditors by a fraudulent transfer thereof, or by a trans-

fer without consideration, under circumstances calcu-
lated to defeat the just claims of creditors, which
constitutes constructive fraud, the court will intervene
and hold the right of the creditor an equitable lien
upon property thus transferred, as well as upon prop-
erty which cannot be reached by the ordinary process
at law.

These remarks are indulged as preliminary to saying
that, if plaintiff is entitled to have his judgment satis-
fied out of the property described in the complaint, his
bill is in proper form, and states facts sufficient to con-
stitute a cause of action.

The question of the right of plaintiff as a judgment
creditor to follow the community property of his debtor,
E. H. Boyd, and his wife, S. J. Boyd, and to appropriate
it to the satisfaction of his judgment after such prop-
erty has been awarded to the wife in the divorce pro-
ceedings, must turn upon the proper construction of the
statute under which the court awarded such property.

Under our Civil Code all property acquired after mar-
riage by either husband or wife, or both, except that
acquired by gift, bequest, devise, or descent, is commu-
nity property.   (Civ. Code, secs. 162–64.)

" Upon the death of the husband one-half of the
community property goes to the surviving wife, and the
other half is subject to the testamentary disposition of
the husband. . . . . In the case of the dissolution of the
community by the death of the husband the entire com-
munity property is equally subject to his debts, the
family allowance, and the charges and expenses of ad-
ministration."   (Civ. Code, sec. 1402.)

Upon the dissolution of the marriage by the decree
of a court of competent jurisdiction the community
property and the homestead shall be assigned as fol-
lows: " 1. If the decree be rendered on the ground of
adultery or extreme cruelty the community property
shall be assigned to the respective parties in such pro-
portion as the court, from all the facts of the case and
the condition of the parties, may deem just.   2. If the

decree be rendered on any other ground than that of adultery or extreme cruelty the community property shall be equally divided between the parties." (Civ. Code, sec. 146.)

The remaining subdivisions of the same section relate to the disposition of the homestead, and need not be noticed.

The groundwork of the several provisions of the Civil Code herein quoted and referred to are to be found in the "act defining the rights of husband and wife," passed April 17, 1850. (Stats. 1850, p. 254.)

The eleventh section of that act provided as follows: "Upon the dissolution of the community by the death of either husband or wife one-half of the common property shall go to the survivor and the other half to the descendants of the deceased husband or wife, subject to the payment of the debts of the deceased," etc.

Under this provision it was plausibly contended that it was only the half of the common property which went to the descendants which was subject to the debts of the deceased, and that the survivor took one-half of the property discharged from such debts.

The supreme court, however, held in *Panaud* v. *Jones,* 1 Cal. 488, *Estate of Tomkins,* 12 Cal. 114, *Packard* v. *Arellanes,* 17 Cal. 525, *Johnston* v. *San Francisco Savings Union,* 75 Cal. 134, 7 Am. St. Rep. 129, and in a number of other cases, that the estate in law consisted of the residue after all debts were paid, and that all of the community or common property was liable for such debts.

In *Packard* v. *Arellanes, supra,* the court, speaking through Cope, J., said: "Our whole system by which the rights of property between husband and wife are regulated and determined is borrowed from the civil and Spanish laws, and we must look to these sources for the reasons which induced its adoption and the rules and principles which govern its operation and effect. The relation of husband and wife is regarded by the civil law as a species of partnership, the property of

which, like that of any other partnership, is primarily
liable for the payment of its debts. . . . . It is the well-
settled rule of that law that the debts of the partnership
have priority of claim to satisfaction out of the com-
munity estate. (*Jones* v. *Jones*, 15 Tex. 143, and author-
ities there cited.) . . . . The legislature intended to
establish a similar relationship as to property as that
existing in the civil law. The contracting of debts is
one of the incidents of that relationship, and it would
be unreasonable to suppose that the intention was to do
away with so important a principle as that of the liabil-
ity of the community property for their payment. We
think that for all purposes connected with the adminis-
tration of such property the debts of the community are
to be regarded, not as the mere private and individual
debts of the husband, but as obligations involving the
liability of each of the members of the community."

The contention of respondent is, that a like construc-
tion should be given to section 146 of the Civil Code
with that so often imposed upon section 11 of the act
of 1850, and that when the community is dissolved, not
by death, but by the only process known to our law, viz.,
by a decree of divorce, the authority of the court to
assign all the community property to one of the spouses
must be taken and construed as meaning the residue of
such property after the payment of the existing debts
of the husband, contracted upon the faith of such prop-
erty. By parity of reasoning this result would seem to
follow. The community property to be distributed may
well be considered (as in case of partnership, to which
in many respects it bears a close resemblance) as the
residue which remains after the discharge of the com-
munity obligations.

Had the husband by a voluntary conveyance trans-
ferred all of the community property to his wife, leav-
ing himself without means, it is not doubted but that
the property so transferred would have been liable to
his creditors for existing debts.

When the court assigned all the property to appellant,

it, in effect, did what in law the husband should have done under like circumstances, and the conclusion is reached that in such a case, where all the community property has been assigned to the wife, leaving the husband without separate property, the property so assigned is taken subject to the equitable claim of existing contract creditors, whose demands are due, or to become due, on account of credit extended during the existence of the marital relation to the husband for the benefit of the community.

In the present instance this construction works no hardship to the appellant. She purchased the supplies for which the credit was given (as the agent of her husband) and they were used by the family.

In her complaint for a divorce the fact "that the supplies for defendant's family have not been paid for, and are now due, amounting to more than four hundred dollars," is alleged as a predicate in part for the prayer that she have the property set apart to her, and for an injunction to restrain defendant from making collections, etc. Under such circumstances every moral consideration prompts the satisfaction of the demand from the community property. And we are of opinion the moral and legal obligations go hand in hand.

The other errors assigned do not call for comment.

The judgment and order appealed from should be affirmed.

BELCHER, C., and BRITT, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

GAROUTTE, J., HARRISON, J., VAN FLEET, J.

Hearing in Bank denied.