[L. A. No. 1229.    Department Two.—August 3, 1904.]

# EMILY GRAY MAYBERRY, Appellant, v. W. F. WHITTIER, and W. A. HAMMEL, Sheriff, etc., Respondents.

DIVORCE—DECREE—DIVISION OF COMMUNITY PROPERTY—SUBJECTION TO LIENS AND COMMUNITY DEBTS—CONSTRUCTION OF CODE—SECURITY FOR ALIMONY—INTERLOCUTORY ORDER.—Upon a division of community property under a divorce decree, the former husband and wife each take the part awarded subject to prior liens, and to community debts not reduced to liens; and where there is nothing in the decree about alimony or maintenance the provisions of section 140 of the Civil Code, which relate only to security therefor, cannot be extended so as to embrace the matter of the division of common property, and an interlocutory order under that section is of no consequence.

ID.—NOTICE OF LIS PENDENS.—A notice of *lis pendens*, filed during the pendency of a divorce suit, has no legal significance.

ID.—JUDGMENT PRIOR TO DECREE—MARSHALING OF ASSETS—PRIMARY CLAIM AGAINST HUSBAND.—It was the right of the wife, under the decree for division of the community property upon a divorce granted to her for the extreme cruelty of the husband, to insist that a judgment obtained against the husband for a community debt prior to the decree shall first be levied upon the property belonging to the husband, and that his property shall be first exhausted before any sale can be had of the property awarded to her.

ID.—VALUE OF PROPERTY CREDITED—AGREEMENT BETWEEN HUSBAND AND CREDITOR—WIFE NOT BOUND—CREDIT OF FULL VALUE REQUIRED.—The wife is not bound by an agreement between the husband and the judgment creditor, that a tract of land owned by him should be credited on the judgment at a specified sum, and is entitled to have the full value of such tract credited thereupon.

ID.—RELEASE OF LEVY UPON COMMON PROPERTY—SUBSEQUENT SALE BY HUSBAND—CREDIT UPON JUDGMENT.—Where the judgment creditor had, subsequent to the decree of divorce, levied upon a horse awarded to the husband by the decree, and released the levy, after which the husband had sold the horse, the wife is entitled to a credit upon the judgment for .the amount for which it was sold, · provided it was not exempt from execution when released, before the property awarded to her can be subjected to the satisfaction of the judgment.

ID.—RELEASE OF PROPERTY OF HUSBAND CLAIMED AS EXEMPT—BOND OF WIFE—SALE UNDER EXECUTION.—Where a horse claimed by the husband as exempt from execution was released from levy by the judgment creditor, the wife is entitled upon giving ·a bond of indemnity to the sheriff to have it sold and the proceeds credited upon the judgment, the husband not being bound, as not being a party to the proceeding for such sale.

ID.—SALES BY EXECUTION CREDITOR—INADEQUACY OF PRICE.—Sales of the husband's property by the execution creditor, which were not fraudulent, cannot be set aside at the instance of the wife on the mere ground that he purchased at his own sales for inadequate prices.

ID.—NEW TRIAL OF SPECIAL ISSUE.—Where the court has erred in its judgment upon a special issue which is not of sufficient importance to warrant a new trial of the whole case, a new trial will be limited to a supplemental finding and judgment upon that issue alone.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Lucien Shaw, Judge.

The facts are stated in the opinion of the court.

..George D. Blake, E. C. Bower, and Edwin A. Meserve, for Appellant.

Appellant has the prior lien under the notice of *lis pendens* (Code Civ. Proc., sec. 409; *McNamara* v. *Oakland B. and L. Assn.;* 132 Cal. 247; *Sun Ins. Co.* v. *White,* 123 Cal. 196; *Daniel* v. *Hodges,* 97 N. C. 95), and by the interlocutory decree (*Burrows* v. *People* 107 Mass. 428; *Robinson* v. *Robinson,* 79 Cal. 511; *Murray* v. *Murray,* 115 Cal. 275;[1] *Gaston* v. *Gaston,* 114 Cal. 542;[2] *Van Zant* v. *Van Zant,* 23 Ill. 485.). Whittier has received property of Mayberry amounting in value to more than Mayberry ever owed him. As against appellant, Whittier must credit Mayberry with the actual value of all

[1] 56 Am. St. Rep. 97.          [2] 55 Am. St. Rep. 96.

property purchased. (*Clowes* v. *Dickinson,* 9 Conn. 402; *Cheseborough* v. *Millard,* 1 Johns. Ch. 409;[1] *Trimmer* v. *Vise,* 17 S. C. 499;[2] *Woodward* v. *Brown,* 119 Cal. 288;[3] *Watson* v. *Sutro,* 86 Cal. 528-529; *Whitehead* v. *Sweet,* 126 Cal. 75-76; *McDougald* v. *Hulet,* 132 Cal. 160; *Mack* v. *Shafer,* 135 Cal. 113.)

Otis & Gregg, for Respondents.

The doctrine of *lis pendens* is inapplicable in divorce cases. (*Lord* v. *Hough,* 43 Cal. 581; *Houston* v. *Timmerman,* 17 Or. 499;[4] *Feigley* v. *Feigley,* 7 Md. 537;[5] *Scott* v. *Rogers,* 11 Iowa. 483; Freeman on Judgments, sec. 196; *Gilmore* v. *Gilmore,* 5 Jones on Equity Jurisprudence, 284.) The community property is subject to community debts. (Ballinger on Community Property, pp. 161, 162; *Panaud* v. *Jones,* 1 Cal. 488; *Packard* v. *Arellanes,* 17 Cal. 537; *Estate of Tomkins,* 12 Cal. 114; *Johnston* v. *S. F. Savings Union,* 75 Cal. 134, 147;[6] *Frankel* v. *Boyd,* 106 Cal. 614; *Spreckels* v. *Spreckels,* 116 Cal. 347.[7])

McFARLAND, J.—This is an action against W. F. Whittier, who is the main defendant, and also W. A. Hammel, as sheriff, to enjoin defendants from selling certain property of plaintiff under executions issued on judgments in favor of Whittier against E. L. Mayberry, plaintiff's former husband, and to quiet plaintiff's title to said property as against Whittier. The judgment was substantially in favor of defendants; and from the judgment and an order denying a motion for a new trial plaintiff appeals.

Plaintiff was divorced from her former husband by a judgment rendered November 22, 1899, the ground of divorce being extreme cruelty by her husband. By that judgment the community property was divided; and the property involved in this present action was awarded to plaintiff. There was nothing in the judgment in the divorce case about alimony or maintenance; and before that judgment was rendered Whittier had recovered judgments in quite large amounts against the husband, E. L. Mayberry. Under those judgments

---

[1] 7 Am. Dec. 494.
[2] 43 Am. Rep. 624.
[3] 63 Am. St. Rep. 108.
[4] 11 Am. St. Rep. 849.
[5] 61 Am. Dec. 378-380.
[6] 7 Am. St. Rep. 129.
[7] 58 Am. St. Rep. 170.

he had levied executions on property awarded to plaintiff by the divorce judgment, and was about to sell the same when this present action was commenced to enjoin such sale, etc. In the briefs there are elaborate discussions of a good many questions; but there are only a few points, or propositions, which need be noticed.

It is clearly the general rule that upon a division of community property under a divorce decree the former husband and wife each take the part awarded subject to prior liens; and it has been held that the part awarded either wife or husband is subject to community debts not reduced to liens. (*Panaud* v. *Jones,* 1 Cal. 488; *Packard* v. *Arellanes,* 17 Cal. 535; *Johnston* v. *S. F. Savings Union,* 75 Cal. 134;[1] *Frankel* v. *Boyd,* 106 Cal. 608.) Therefore, in the case at bar property awarded to appellant by the divorce decree was subject to the lien of Whittier's judgments, unless this case comes within some exception which takes it out of the rule. And it is contended that even if the general rule be as above stated, still appellant's right to the property awarded her is superior to respondent's liens by virtue of a certain interlocutory order made in the divorce case, which, it is contended, was warranted by section 140 of the Civil Code. By that section it is provided that during the pendency of a divorce suit, "The court will require the husband to give reasonable security for providing maintenance or making any payments required under the provisions of this chapter, and may enforce the same by the appointment of a receiver, or by any other remedy applicable to the case"; and during the pendency of the divorce suit of Mayberry *v.* Mayberry the court in which said suit was pending made an order that until the final judgment certain property, including the property here involved, "be and the same is hereby set apart as security for the alimony and maintenance of said plaintiff and is hereby charged with a lien in favor of plaintiff for the payment of alimony in said action and the maintenance of the plaintiff and as security for the payment and satisfaction of any judgment which may be rendered in said action in favor of said plaintiff." But, as is said in the opinion of the learned judge of the court below, "the only provision of that chapter concerning maintenance or payments to be made by the husband

---

[1] 7 Am. St. Rep. 129.

are section 137, giving the court power to require the husband
to pay as alimony to the wife any money necessary to enable
the wife to support herself or children or to prosecute or de-
fend the action, and section 139, which authorizes the court,
where the divorce is granted for the offense of the husband, to
compel him to provide for the maintenance of the children
of the marriage and to make such suitable allowance to his
wife for her support as the court may deem just, having re-
gard to the circumstances of the parties''; and we agree with
the learned judge that the provisions of section 140 cannot
be extended "so as to embrace the matter of the division
of common property." Whether or not a decree for alimony
and maintenance—which involve duties owing by the husband
to the wife—would constitute a lien superior to the liens of
general community creditors, is a question not here involved.
The said interlocutory order of the court is therefore of no
consequence in this case. And the notice of *lis pendens* filed
by appellant during the pendency of the divorce suit had
no legal significance. (See *Sun Ins. Co.* v. *White,* 123 Cal.
196.)

There is a good deal of discussion in the briefs of the sub-
ject of marshaling assets. Of course, under that doctrine,
it was the right of the appellant to have Whittier resort
first to the property awarded to the husband by the divorce
decree; but it is found that he had levied upon and sold all
of such property except as hereafter noticed. One of the
parcels of property set apart to the husband was the undi-
vided one third of a tract of land known as the El Molino
Ranch, and this was levied upon by Whittier; but by agree-
ment the husband conveyed the property to Whittier for
$20,000, which was credited on the latter's judgment, and
the levy was released. The court below found that the ap-
pellant was not bound by this agreement, and that the prop-
erty was of the value of $35,000; and the court correctly
ordered that the difference—$15,000—be credited on Whit-
tier's judgments. There was also a bay horse named McKinney
which was levied upon; but the husband claimed this horse
as exempt from execution and it was released. The court
decreed that as the judgment in the present action cannot bind
the husband, he not being a party to it, the horse must be
sold, upon appellant giving therefor an indemnifying bond,

and the proceeds of the sale credited on Whittier's judgment.
We think that this ruling was correct, as Whittier should not
be held for the value of the horse before it is determined, as
against the husband, that it is not exempt. Under this view
it was not necessary for the court to find the value of the
horse. There was also a black horse which, while it was still
community property, had been levied upon by Whittier and
released; this was before the decree of divorce by which the
property was divided, and this horse was sold by the husband,
and was not included in the second levies made after the
divorce judgment. Therefore, what is said by appellant about
this horse is not material.

It is contended by appellant that the sales made under the
executions were the results of fraudulent conspiracy between
the husband and Whittier and were for inadequate prices.
But the court below found that there was no fraud, although
the sums were for less than the full value of the property
sold. Upon this subject the learned judge, in an opinion
delivered at the time of his decision, says: "But whether
the prices are inadequate or not may be said to be immaterial,
because the law is well settled that while inadequacy of price
may be given in evidence as a circumstance tending to show
fraud on the part of the creditor who has purchased at his
own execution sale, yet it is never of itself sufficient as a
ground for vacating such sale. In this case none of the
elements of fraud are sustained by the evidence except the
single circumstance of inadequacy of price. It is clear from
the authorities referred to that the sale cannot be set aside
for that cause alone." These views are correct, and, we think,
amply warranted by the evidence—as were all the findings
above referred to.

The judgment and order appealed from are affirmed.

Henshaw, J., and Lorigan, J., concurred.

The following opinion was rendered upon petition for re-
hearing by the court in Bank August 31, 1904:—

THE COURT.—The petition for rehearing is denied.

In the opinion heretofore rendered it is assumed that
the release of the levy on the black stallion occurred before the
decree dividing the community property. In the petition

for rehearing our attention is called to the dates shown in the transcript, and upon further examination we find that this was an error. It appears that the levy on this horse and the release occurred nearly a year after the decree, and that after the release, and before the second levy, this horse was pledged by Mayberry, and was afterwards sold by him for one thousand dollars. There is no other evidence of its value. It is not a matter of much importance to the disposition of the case, inasmuch as, after crediting all other sums which the court finds plaintiff is entitled to have credited upon the Whittier judgments against E. L. Mayberry, there still remains a balance thereof unpaid amounting to over forty thousand dollars. The only benefit to plaintiff to be derived from a finding as to the value of this horse would be an additional credit of such amount on the judgment, and this slight benefit would not justify a retrial of all the other issues in the case. Nevertheless, the plaintiff is entitled to have the value of said horse credited on said judgments before the same are enforced against her allotment of the community property, provided it was not exempt or free from the execution at the time it was released. For the purpose of giving this relief a new trial of that issue will be necessary.

The judgment and order are affirmed as to all matters and things found and determined thereby, except as to the said black stallion. The cause is remanded to the court below, and that court is directed to take evidence and make an additional finding upon the question of the levy upon said black stallion by virtue of the execution on the judgment in Mayberry *v.* Whittier, the subsequent release thereof, the value of said stallion when released, and whether or not it was then subject to said execution, and if it shall determine that it was then subject thereto, and that said execution was levied thereon and afterward released; then to make a supplemental decree to the effect that the value thereof shall be credited upon one of the said judgments before either of them shall be enforced against the property set apart to Emily Gray Mayberry by the decree of divorce from Edward L. Mayberry. Further proceedings to enforce said judgments are stayed until the entry of such supplemental decree. Each party shall pay his own costs on this appeal.

Rehearing on modification of judgment denied.