[L. A. No. 11585. In Bank.—July 2, 1930.]

DONALD DOOL et al., as Executors, etc., Respondents, v. THE FIRST NATIONAL BANK OF CALEXICO (a Corporation) et al., Appellants.

Ault & MacKinnon and Clyde R. Burr for Appellants.

C. Sherman Anderson, Frank L. Muhleman and Muhleman, Anderson & Palmer for Respondents.

PRESTON, J.—The judgment is reversed. The record is voluminous and several questions are treated at length, but we feel that the discussion material to the conclusion reached by us may be confined within a comparatively small area.

The major portion of the briefs is directed to the question of whether the evidence is sufficient to show that Edward Dool, deceased, on March 27, 1925, at the time of the execution of four promissory notes and a trust deed on several pieces of property to secure them, was a person entirely without understanding, within the meaning of section 38 of the Civil Code, as found by the court, or was merely a person of unsound mind, but not entirely without understanding within the meaning of section 39 of said code. The

materiality of this inquiry is thought to arise because, in the first instance, a restoration of things of value received is not necessary to entitle the court to grant relief, whereas, in the latter instance, the chapter on rescission and the rules applicable thereto must be followed. This inquiry is further thought to be material because in the one case the contract may not, and in the other it may, be subsequently ratified. (*Jacks* v. *Estee*, 139 Cal. 507 [73 Pac. 247]; interpreted in *Jacks* v. *Deering*, 150 Cal. 272 [88 Pac. 909]; see, also, *Hellman Com. etc. Bank* v. *Alden*, 206 Cal. 592 [275 Pac. 794].)

But these questions lose caste to some extent in the face of the fact that the notes are simply renewals of pre-existing indebtedness, the deed of trust itself being the only new instrument introduced. Also, it is doubtful whether under either view of the evidence the doctrine of ratification is strictly applicable (21 C. J., p. 1115, sec. 117). However, if we were required to give our conclusion on the evidence as to competency we would state without hesitation that in our opinion it fails to show that the decedent was a person "entirely without understanding" at the time and place in question for, although stricken with paralysis on March 4, 1925, he was up and about the house within two weeks, left the home within one week thereafter and began the transaction of at least certain forms of business. In fact, he was a member of the board of trustees of the city of Calexico, a city of the sixth class, and participated in the deliberations of that board on March 24th, three weeks after the stroke of paralysis and three days before the execution of the documents in question. He, too, attended, unassisted, on March 25th, a meeting of his creditors at defendant bank and took some part at least in the discussion of his business affairs. At the time of the execution of the instrument, he called his wife and requested her to sign the deed of trust. Although there was some impediment in his speech and his memory was defective, nevertheless during this period he could be made to understand and was able to respond intelligently to ordinary questions. These and other facts appearing from the testimony of plaintiffs themselves convince us that he was not a man entirely without capacity to understand an ordinary business transaction or contract. But we need not pursue this question for, in

our opinion, the further undisputed facts appearing in the record and found by the court compel a reversal of the judgment upon well-known principles of estoppel *in pais*, which question we will now consider.

Plaintiffs, the son and son-in-law, respectively, of Edward Dool, who died on August 6, 1927, as his executors, instituted this action on February 15, 1928, to have declared void a set of four promissory notes and a deed of trust to secure them executed on March 27, 1925, and to enjoin a sale under said instrument upon the ground that the deceased, Edward Dool, at the time of the transaction was of unsound mind and entirely without understanding.

On the trial the court called an advisory jury, which answered a special interrogatory, upon which the court made its findings in favor of plaintiffs on this issue, followed by a judgment, imposing certain restrictions upon them in the matter of repayment of advances that were made by defendant bank subsequent to March 27, 1925. Plaintiffs themselves appealed from that portion of the judgment imposing said repayments. That appeal has been heretofore determined by this court adversely to them. (*Dool* v. *First Nat. Bank,* 207 Cal. 347 [278 Pac. 233].) Defendants notwithstanding, on the fourteenth day of August, 1928, gave notice of their appeal from the whole of the judgment. This requires a consideration of questions underlying the whole judgment, irrespective of the disposition of the appeal of plaintiffs noted above. The findings of the court, material for present purposes, are as follows:

That on or about March 4, 1925, said Edward Dool suffered a stroke of paralysis, which so seriously affected his mind and health that he was confined to his bed and home for approximately three weeks; that about March 27, 1925, defendant bank procured his signature to certain purported notes, aggregating the sum of $42,194.47 and a trust deed purported to secure their payment; that "from the date of said stroke of paralysis suffered by said Edward Dool, to-wit, March 4, 1925, up to and including the 27th day of March, 1925, the date of said purported trust deed and notes, and for some time thereafter, said Edward Dool was not able, by reason of the illness from which he was suffering, to understand the nature, purport or effect of the instruments signed by him on said 27th day of March, 1925,

or transactions of that kind, said Edward Dool being entirely without understanding by reason of such illness on said 27th day of March, 1925, and at the time of execution of such instruments and the consummation of such transaction.''

But at the same time the court found that ''shortly after the execution of said trust deed and promissory notes, and prior to the 28th day of April, 1925, the said Edward Dool did improve in health and from the illness from which he was suffering, as described in paragraph VI of these findings, both physically and mentally, to such an extent that he was able from the 28th day of April, 1925, to the day of his death, to transact and carry on and understand the ordinary duties and incidents of his business. That between the 28th day of April, 1925, and the day of his death on August 6, 1927, the said Edward Dool did allow and induce the defendant, The First National Bank of Calexico, a corporation, to lay out and expend from time to time, certain sums of money, and the plaintiffs, Donald Dool and Alfred Leon Heck, as executors of the last will and testament of Edward Dool, deceased, did, from the day of their appointment as such executors, to-wit, the 30th day of August, 1927, to the time this action was commenced, allow and induce the defendant, The First National Bank of Calexico, a corporation, to lay out and expend from time to time, certain sums of money, which sums and the dates which said sums were paid, and the purpose for which said sums were paid out and expended, are more particularly set forth and described as follows, to-wit: . . . (Here follows an enumeration of the separate items advanced by the bank covering taxes, interest, insurance, etc.)''; that ''each and every one of the items, and the whole of each item set forth in paragraph IX of these findings were laid out and expended by the defendant, The First National Bank of Calexico, a corporation, on the day given with each of said items, and was so laid out and expended by said defendant in good faith and under and by virtue of the terms and provisions of the trust deed involved in this action, and in reliance on the validity of said trust deed, and with the inducement and knowledge of the said Edward Dool, during his lifetime, and with the inducement and knowledge of the plaintiffs, Donald Dool and Alfred Leon Heck, as ex-

ecutors of the estate of Edward Dool, deceased, that each and every one of said items and the whole of each thereof, were proper advances and expenditures under the terms and provisions of said deed of trust; that each and every one of said items, and the whole of each thereof, benefited the property described in paragraph III of these findings; that each and every one of said items, and the whole thereof, redounds to the benefit of the plaintiff in the above-entitled action''; that said Edward Dool in his lifetime repaid certain sums to said bank; that on March 27, 1925, at the time said four promissory notes and trust deed were signed by said Edward Dool, he was justly indebted to said bank in the sum of $42,194.47.

It is also true that on February 26, 1925, about one month prior to the execution of the deed of trust and notes in question, one of the creditors named in said trust deed instituted a suit on his claim and caused an attachment to be sued out and levied upon certain property of the deceased. Deceased at that time was heavily indebted, much of which indebtedness was represented by prior mortgages upon a portion, or practically all of the property here involved. Discussion, looking to the execution of a trust deed to secure said indebtedness and the classification of his creditors through such means, had been with decedent subsequent to said attachment and prior to decedent's illness and also prior to execution of the instrument. Further, following the execution of the notes and trust deed, deceased upon March 30, 1927, entered into a second agreement with said defendant bank and its trustees wherein decedent and his wife assigned and transferred unto them all the rents, issues and profits of the property covered by said deed of trust, which said rents and profits were to be applied by said trustees to the liquidation of the indebtedness of decedent in the following manner: 1. To pay the installments and interest on the outstanding indebtedness against said property; 2. All current and delinquent taxes thereon; 3. Four hundred dollars per month for the living expenses of Mr. and Mrs. Dool; 4. The Mauldin & Co. note of $7,620.55; 5. The H. H. Peterson note of $2,012.58 and, 6. The First National Bank of Calexico notes aggregating $32,561.34.

Again, on the twenty-second day of April, 1925, decedent and his wife made, executed and delivered to said trustees

a second deed of trust covering certain city property in Calexico, further securing the indebtedness to said bank. The agreement above referred to, assigning the rents to it, contained a reference to said deed of trust and notes executed on the twenty-seventh day of March, 1925. There is no finding that the deceased was of unsound mind, either entirely without understanding or otherwise at the time of the execution of these two last-mentioned instruments. Indeed, from the finding above quoted, it will be noted that on April 28th, at least, the deceased was of sound mind and so remained until the time of his death. It further appears that said Edward Dool was allowed by the defendants to personally collect the rents from the various properties as agent for them under said agreement and to work with the trustees and beneficiaries in carrying out said agreement, including the opening of a checking account in defendant's bank under the name of said trustees in order to provide an account for the receipt and disbursement of the rents, issues and profits of said properties; that decedent on April 4, 1925, opened an office in the Dool building and looked after said building and all the other properties, collected the rentals from month to month, made statements of the amounts collected and delivered them to said bank, wrote checks and made withdrawals from said account, signing himself as agent of said trustees; that during this period he recognized the existence of said notes and said deed of trust and the later agreement and still later deed of trust and, with full knowledge of all these facts accepted all benefits accruing to him, never gave any indication of any objection whatsoever to carrying out their terms. The evidence also shows that he discussed the existence of these notes and the deed of trust with the defendants or their agents and indicated his satisfaction with their terms. Appellants also assert that in another action it was specifically found that on April 22, 1925, at the time of the execution of the last-mentioned deed of trust, said deceased was of sound mind.

The indebtedness is just. A cause of action on the original indebtedness is barred by the statute of limitations. The time for filing claims against said estate has elapsed. The cancellation of these notes and this deed of trust would permit plaintiffs to gain the property free of liens or claims

of defendants. The decedent had the benefit of a respite from his creditors, insuring him a sum for living expenses. The defendants gave up the right of immediate suit and one of them dismissed his attachment lien. For more than two years the decedent, while competent, induced the defendants to advance numerous sums of money, aggregating a large sum, on the strength of the validity of these documents. His executors for a considerable time did the same thing.

These and other facts noted in the findings make clearly applicable the doctrine of estoppel *in pais* which is properly pleaded by special defense, although denominated laches. This principle has received repeated consideration by this court. It is well stated in section 1962, subdivision 3 of the Code of Civil Procedure, as follows:

"Whenever a party has, by his own declaration, act, or omission, intentionally and deliberately led another to believe a particular thing true, and to act upon such belief, he cannot, in any litigation arising out of such declaration, act, or omission, be permitted to falsify it."

In *Parker* v. *Funk,* 185 Cal. 347, 352 [197 Pac. 83, 85], it is stated in this language: "The doctrine of estoppel *in pais* proceeds upon the theory that the party estopped has by his declarations or conduct misled another to his prejudice, so that it would be a fraud upon the latter to allow the true state of facts to be proved." (See *American Nat. Bank* v. *Sommerville,* 191 Cal. 364, 372 [216 Pac. 376]; *Stanford* v. *Trombly,* 181 Cal. 372, 378 [186 Pac. 599].)

Or, as again stated: "If a person by his conduct induces another to believe in the existence of a particular state of facts, and the other acts thereon to his prejudice, the former is estopped, as against the latter, to deny that that state of facts does in truth exist." (21 C. J. 1060, sec. 2; *Irrigated Valley L. Co.* v. *Altman,* 57 Cal. App. 413, 428 [207 Pac. 401].)

Again it is stated in *Allen* v. *Hance,* 161 Cal. 189, 196 [118 Pac. 527, 529], as follows: "Whatever may have worked the estoppel, whether the estoppel rests in judgment, deed, contract, or *in pais,* in its essence it amounts to but this, that a man is forbidden to show the existence of a fact because by his past conduct, his declarations, his agreement, his deed or a judgment, it would work an injustice and an injury to his adversary to permit him to do so."

■ The above recital of facts in this case seems clearly to call into action this rule of law. But it may be said that inasmuch as the contract when made was absolutely void, neither ratification nor estoppel could be invoked. This is doubtless true of contracts that are void because prohibited by law or void because of violation of rules of public policy. *Lukens* v. *Nye*, 156 Cal. 498, 505 [20 Ann. Cas. 158, 36 L. R. A. (N. S.) 244, 105 Pac. 593], and *Colby* v. *Title Ins. etc. Co.*, 160 Cal. 632, 644 [Ann. Cas. 1913A, 515, 35 L. R. A. (N. S.) 813, 117 Pac. 913], involve contracts of this type. But where the object to be attained is a lawful one and the party is under no disability (*sui juris*), no reason exists why his previous disability should arrest the law of estoppel. This, in fact, has been in principle held by this court respecting the contracts of minors under the age of eighteen years. Such contracts are void but the minor may, after attaining his majority, so deport himself as to be estopped to plead his minority as a defense to the contract entered into while under the age of eighteen years. *Hakes Inv. Co.* v. *Lyons*, 166 Cal. 557, 561 [137 Pac. 911], where it is stated that while ratification will not apply, estoppel may. To the same effect is *Lee* v. *Hibernia Savings etc. Soc.*, 177 Cal. 656, 659 [171 Pac. 677].

It is true that counsel have not discussed this question in their briefs; it is also true that little authority specifically applicable is found in other jurisdictions. But this is explained by the fact that California is one of the very few jurisdictions where the contracts of insane persons are under any circumstances void, the usual holding being that at most they are only voidable. However, we feel that the conclusion we have announced is sound.

Richards, J., Curtis, J., Seawell, J., Waste, C. J., and Langdon, J., concurred.