[S. F. No. 15151.   In Bank.—September 19, 1935.]

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), Appellant, v. MYRTLE L. MANTZ, Respondent.

P. A. Bergerot and A. P. Dessouslavy for Appellant.

Rogers, Clark & O'Brien and Webster V. Clark for Respondent.

PRESTON, J.—This action is by plaintiff, a judgment creditor of A. W. Gorman, against defendant, who is the divorced wife of Gorman, to impress a lien upon certain valuable residence property in Atherton, San Mateo County, upon the contention that the judgment is a community debt and the property, prior to divorce, was the community property of the spouses, which as such may be subjected to payment of the judgment. While the prayer is that all of said property be declared community property, and subjected to the lien of said judgment, the briefs all proceed upon the assumption that only a one-half interest therein is involved, being the interest derived by the wife from the husband on January 3, 1931, prior to final decree of divorce. Defendant answered, denying the claim of plaintiff, and after pleading several special defenses, prayed that her title to the whole of said property be quieted as against the claims of plaintiff. The court granted her prayer in full. Plaintiff appealed from

the judgment and also appealed from an order subsequently made denying its motion to vacate the judgment and enter a different judgment.

Our conclusion is that the judgment must be affirmed as to the one-half interest in said property and reversed as to the remainder. This conclusion automatically disposes of both appeals.

The underlying facts necessary to a consideration of the case are as follows: A. W. Gorman, after making a spectacular rise financially through certain stock speculations, married respondent on March 21, 1925. The property which is the subject of this action was purchased October 26, 1926, and title thereto taken in the name of the spouses as joint tenants. Gorman had, on October 1, 1926, organized the firm of Gorman, Kayser & Co., and through it reentered the stock brokerage business. Between said date of purchase and the middle of the year 1928, he and his wife had caused a valuable residence to be erected and other improvements to be made on the said property at a cost of some $200,000. On October 6, 1926, Gorman, acting, it is claimed, for the above-named firm, consisting of twelve members, executed in writing a guaranty agreement in support of the written obligation of Charles L. Ebner, Jr., himself one of said partners, in the principal sum of $23,000, payable to the predecessor of plaintiff. Said guaranty read as follows: "For value received, I hereby guarantee payment of the within obligation and all renewals or extensions thereof, and I hereby waive presentation, demand, protest, notice of protest and notice of nonpayment. (signed) A. W. Gorman."

The court found, and respondent concedes, that this obligation became a so-called community debt of the Gormans. Thereafter, and on December 2, 1929, the Gormans, in contemplation of separation, made a property settlement agreement, which confirmed the said above-mentioned joint tenancy of said property and each spouse acknowledged ownership by the other of a one-half interest therein. On December 3, 1929, an interlocutory decree of divorce was granted the wife on grounds of cruelty and the said property settlement agreement was therein and thereby confirmed. Thereafter, and on August 12, 1930, said Gorman reported to appellant, in a financial statement, that he owned a half interest in said property and that his former wife owned the other

half, each holding as a joint tenant. However, on December 2, 1930, respondent, the wife, filed a second and supplementary action against her former husband to impeach said above-mentioned property settlement and to have amended accordingly the interlocutory decree. Respecting the property in suit she alleged in paragraph II of her complaint as follows: "That all of the property owned or possessed by either plaintiff or defendant during the continuance of their marriage was community property, the whole thereof having been acquired by them through their joint efforts after the marriage."

Upon the above allegation the court made a finding of fact as follows: "The court finds that each and every allegation contained in Paragraphs I and II of the complaint on file herein are true, except that a one half undivided interest in the real property hereinafter described on page 3 hereof, to wit, the Atherton property was the sole and separate property of said plaintiff, free and clear of any lien or interest in said defendant."

On January 3, 1931, the court awarded the half interest in said property standing in the name of the husband to the wife as a part of her share of the community property, holding that the first property settlement "did not set forth an equal and just distribution of all community property". The interlocutory decree of divorce was modified accordingly. The husband made a deed to the wife on said day and thereafter, on January 7, 1931, the court entered a final decree of divorce.

Meanwhile financial difficulties had overtaken the firm of Gorman, Kayser & Co., and on December 16, 1930, a receiver was appointed to liquidate the company. On May 8, 1931, plaintiff began an action against Gorman and also against the individuals comprising said firm upon said above-mentioned obligation. Thereafter and on June 1, 1932, it secured judgment against Gorman, but the individual members of the firm, other than Gorman and Ebner, were exonerated by said judgment. The liability of the individual members of the firm has not yet been determined, but for the purposes of this case, by stipulation, the judgment in their favor is to be considered as final. On June 18, 1932, execution was issued on said judgment against Gorman and returned *nulla bona*.

Basing its claim upon this judgment and return of the execution thereon unsatisfied, plaintiff and appellant here beseeches a court of equity, praying that at least the half interest in said property awarded to the wife by the supplementary suit and final decree of divorce be declared available for payment of said judgment and that it be impressed with a lien and sold for that purpose.

The basis of this plea is that by the judgment and decree in said supplementary action and by the final decree of divorce, the half interest in the property became and is community property of the Gormans; that as against the debtor or his judgment creditor, she must take the property *cum onere.*

We see no escape from the binding efficacy of this contention. Upon no other hypothesis could respondent wife have received it under said decree. Separate property cannot be awarded in a divorce action. (Sec. 157, Civ. Code; *Allen* v. *Allen,* 159 Cal. 197 [113 Pac. 160].) This is true in spite of the findings and judgment of the trial court that said property was separate property of Gorman and is now the separate property of respondent. In other words, it is quite true that but for said adjudication, invited by respondent, the evidence would amply support the conclusion of the trial court that originally it was the husband's separate property. But if it were his separate property, appellant would have the right to subject it to payment of its judgment unless the property, prior to lien of the judgment, had been conveyed to another, and even in that event, appellant could still follow it until it reached the hands of a *bona fide* purchaser or encumbrancer for value.

Now when appellant was powerless to intervene, respondent procured a judgment against the debtor, her former husband, adjudicating the property to be their community property owned as husband and wife. Appellant, as a judgment creditor, is thus put at a distinct pecuniary disadvantage if it cannot rely upon this adjudication as a verity. Not only is there the privity between a judgment creditor and judgment debtor defined by subdivision 2 of section 1908 of the Code of Civil Procedure, but there seems to arise a clear case of equitable estoppel making directly applicable the provisions of section 1962, subdivision 3, of said code, as follows: "Whenever a party has, by his own declaration, act,

or omission, intentionally and deliberately led another to believe a particular thing true, and to act upon such belief, he cannot, in any litigation arising out of such declaration, act, or omission, be permitted to falsify it.'' For a more extended discussion of the principle see: *Dool* v. *First Nat. Bank*, 209 Cal. 717, 724 [290 Pac. 15] ; *Burgess* v. *California Mutual etc. Assn.*, 210 Cal. 180, 188 [290 Pac. 1029] ; see, also, concurring opinion, *Estate of Hill*, 167 Cal. 59, 68 [138 Pac. 690]. We regard this holding to be but a logical extension of the doctrine declared in *Frankel* v. *Boyd*, 106 Cal. 608 [39 Pac. 939] ; *Mayberry* v. *Whittier*, 144 Cal. 322, 325 [78 Pac. 16].

Respondent has declared this to be a creditor's suit and, as such, certain prerequisites must appear. Accepting this statement as applicable to the case before us, we have a final judgment and a return of execution thereon *nulla bona*. This seems to satisfy all ordinary requirements for the bringing of this action. We are pointed to no remedy at law that would have been, at the time this action was begun, or will now be effective. (*Bond* v. *Bulgheroni*, 215 Cal. 7, 10 [8 Pac. (2d) 130].) We do not regard as applicable the contention that intentional delay has been indulged by appellant which precludes relief or that respondent is in any position to ask relief on account thereof, if it were true. The debt was one in which respondent was as much interested as the husband. Neither of them took steps to compel action by appellant (sec. 2845, Civ. Code). A wife, since 1927, at least, has had a ''present, existing and equal'' interest in the community property, although the management and control thereof is at all times in the husband (sec. 161a, Civ. Code). The only limitation upon the wife is that she must act through her husband. If in point of fact there do exist assets available for the payment of this judgment, either out of the husband's separate property or out of the community property in his hands, it is the clear duty of respondent to discover them and bring them to the court's attention by proper pleading to marshal assets. (*Mayberry* v. *Whittier, supra.*) Forbearance to sue is no defense either for the husband or for respondent (sec. 2823, Civ. Code).

Secondly, whether appellant ever succeeds in securing relief from the other individuals comprising the above-mentioned firm is not material to the maintenance of this suit. Neither is there merit in the fact that collateral to the extent

of some $2,000 has not as yet been exposed to sale. When the judgment is satisfied by respondent, she may be subrogated to the rights of appellant therein.

In so far as the judgment confirms in respondent a half interest in said property received by her as joint tenant in 1926, it is affirmed, but in so far as it purports to quiet her title to the remaining one-half interest in said property, to wit: the interest received by her from her husband on January 3, 1931, it is reversed, with directions to the court below to enter a judgment in favor of appellant as to this interest and to give it such further relief as may be found consistent with this holding.

Waste, C. J., Curtis, J., and Seawell, J., concurred.

THOMPSON, J., Dissenting.—I dissent. I cannot agree with the conclusion reached in this case for two reasons. First: The action being in the nature of a creditor's bill to subject property awarded to the wife as community property prior to the time when the judgment which is the basis of the action was rendered it was incumbent upon the plaintiff to allege and prove that the obligation was incurred by the husband for the benefit of the community. (*Frankel* v. *Boyd*, 106 Cal. 608, 614 [39 Pac. 939], *McKannay* v. *McKannay*, 68 Cal. App. 701 [230 Pac. 214], and *Deacon* v. *Deacon*, 101 Cal. App. 195 [281 Pac. 533].) In other words, the former wife should not be compelled, as a matter of equity, to pay an indebtedness incurred by her former husband, if the indebtedness was not incurred for the benefit of the community. Unless this be recognized as the true rule a wife with a righteous complaint for divorce pending will be liable for the debts created by the husband prior to the decree, regardless of whether the effect will be to deprive her of her entire share of the community. The record in this case fails to establish that the obligation was incurred for the benefit of the community.

Second: The trial court found upon substantial evidence that the plaintiff was guilty of laches. For the sake of its own business, according to the finding, it neglected without any justification or excuse to enforce payment by Ebner or by Gorman and allowed collateral security worth $30,000 to depreciate until it had a value of only $2,000; that although

it had opportunity to realize on the collateral it wilfully failed to liquidate or to cause the loan to be paid. The finding specifically says: " . . . that the aforesaid conduct and delay on the part of said plaintiff bank and its said predecessors in interest, and each of them, in failing to liquidate or realize the value of said collateral security within a reasonable time after the due date of said promissory note, to wit, October 7, 1928, or to supervise said loan in any diligent or businesslike manner, has irreparably prejudiced this defendant and her above-described real property in that said conduct on the part of said plaintiff bank, and its said predecessors in interest, and each of them, has resulted in the claim made by said plaintiff against defendant . . . " and that she "had no knowledge whatsoever at any time prior to the spring of the year 1932" that Gorman had executed the guaranty. The trial court was fully justified in considering all of the equities of the situation, and it having concluded the facts by its findings the judgment should be affirmed.

Shenk, J., concurred.

Rehearing denied. Shenk, J., Thompson, J., and Conrey, J., voted for a rehearing.