176 Cal.App.2d Supp. 867 (1959)
1 Cal. Rptr. 485
GEORGE ROSMAN, Respondent,
v.
RICHARD CUEVAS et al., Defendants; PATTI CUEVAS, Appellant.
Docket No. 9885.
Court of Appeals of California, Appellate Department, Superior Court, Los Angeles.
December 8, 1959.
*868 Warren G. Day and Robert E. Atkinson for Appellant.
George L. Beckwith, Frank L. Schmehr and Richard C. Wulliger for Respondent.
HULS, J.
Respondent sued appellant and her husband and had judgment against her for a balance due on a conditional sales contract for the purchase of an automobile. At the trial, counsel stipulated that the contract had been executed between her husband and appellant as buyers and the automobile seller, who was plaintiff's assignor. Appellant answered by a general denial and an affirmative defense that at the time of entering into the contract, appellant lacked capacity to contract, having lost her civil rights upon her conviction of a felony. The sole issue is whether appellant had capacity to make the contract and that the seller, assignor, knew of her incapacity at the time it entered into the contract. (R.T. 3.) The husband was not served and is not a party to the action or the judgment. Findings were not requested, as shown by the judgment against appellant. At appellant's request the judge's opinion was included in the clerk's transcript on appeal, in which the court stated that it believed that appellant did inform the seller of her status, but that she put in motion a wrong which clearly resulted in prejudice to the plaintiff. Aside from the facts stipulated, the only oral testimony was by appellant, who testified she had told the seller that she had no capacity to sign the contract because her parole stipulated that she could not sign anything, but was told by the seller she was to sign to prove she had taken the car off the lot. (R.T. 9-10.)
[1a] The trial court's memorandum, which we may consider to understand the basis of its action (Dahlin v. Moon *869 (1956), 141 Cal. App.2d 1, 4 [296 P.2d 344]) discloses that the trial court concluded that appellant was estopped to assert the incapacity declared by Civil Code, section 1556. Estoppel must be based upon a representation of the one estopped, relied upon by the adverse party to his injury. The evidence discloses that appellant asserted her incapacity. The ground of estoppel, therefore, does not exist as to the respondent's assignor (Estate of Bloom (1931), 213 Cal. 575, 581 [2 P.2d 753]; National Dollar Stores v. Wagnon (1950), 97 Cal. App.2d 915, 919 [219 P.2d 49]) and it is not available to the respondent assignee. No representation was made to respondent by appellant; but more than this, estoppel will not lie to effectuate contracts which are void ab initio, under Civil Code, section 1556. One cannot be held capable of that which the statutes declare her absolutely incapable. (Civ. Code, § 1556; Pen. Code, § 2600; cf. Dool v. First National Bank of Calexico (1930), 209 Cal. 717, 725 [290 P. 15].)
Civil Code, section 1556, reads: "All persons are capable of contracting, except minors, persons of unsound mind, and persons deprived of civil rights." Appellant, having been deprived of her civil rights by her conviction, is incapable of contracting by the fiat of the statute.
No ratification of appellant's contract is shown by the record before us, as there was in Hall v. Hall (1950), 98 Cal. App.2d 209, 212-214 [219 P.2d 808].
In the case before us, the appellant parolee purchaser of the auto should not be prevented from asserting the defense of her incapacity to contract, especially where the uncontradicted evidence shows that, after objecting to signing because of her legal incapacity, she was lured into signing by the seller, after her husband had signed, in order that she might get the car off the lot (R.T. 9-10). The defense of incapacity would have been good had the seller been the plaintiff herein. That the contract, by virtue of various assignments, became the property of the respondent (R.T. 2) should not deprive appellant of her defense.
[2] "It is essential that in any contract ..., there must exist parties competent to enter into the contract and there must be a mutual understanding of what is being done." (Estate of Ginsberg (1936), 11 Cal. App.2d 210, 216 [53 P.2d 397].)
"Capacity to buy and sell is regulated by the general law concerning capacity to contract...." (Civ. Code, § 1722.)
Under a Missouri statute providing that a sentence of imprisonment *870 in the penitentiary for a term less than life (similar to our statute, Pen. Code, § 2600) suspends all civil rights, a conveyance of land by a convict sentenced for a term of years is void and passes no title. (Williams v. Shackleford (1889), 97 Mo. 322 [11 S.W. 222, 223].) Cases indicating that a contract by one under a statutory incapacity is merely voidable, such as where it is for necessaries, are inapplicable here.
There is no evidence in the record that the automobile which was the subject of the contract in question was a "necessary," meaning "goods suitable to the condition in life of such infant or other person, and to his actual requirements at the time of delivery." (Cf. Civ. Code, § 1722.)
The following cases hold that an automobile was not a necessary to a minor: First Discount Corp. v. Hatcher Auto Sales (1950), 90 Ohio App. 553 [104 N.E.2d 587, 589]; Chambers v. Dunmyer Chevrolet Co. (1943), 74 Ohio App. 235 [58 N.E.2d 239, 240]; Schoenung v. Gallet (1931), 206 Wis. 52 [238 N.W. 852, 854, 78 A.L.R. 387]. See State v. Brown (1958), 52 Wn.2d 92 [323 P.2d 239, 241], for the minimum standards as to a minor.
[3] We think the better view is that such a contract as is here in question which is not for necessaries, and under the circumstances here in evidence, is void and not merely voidable. Violation of parole by a parolee is cause for revocation of his parole, and is tantamount to the imposition of a penalty by statute. "`The imposition by statute of a penalty implies a prohibition of the act to which the penalty is attached, and a contract founded upon such act is void.'" Tevis v. Blanchard (1954), 122 Cal. App.2d 731, 738 [266 P.2d 85], relating to a note, where it was part of an illegal stock sale transaction, and such element of illegality infected the note and rendered it void. (See 34 Cal.L.Rev. 543, 547.)
[1b] If the contract is void it is both void as to the assignor and the assignee, for the assignee stands in the shoes of his assignor and takes subject to all equities and defenses existing in favor of the obligor prior to notice of the assignment. It is not material that the assignee had no notice or knowledge of the equities or defenses. (5 Cal.Jur.2d 337, 338; 7 Cal.Jur.2d 390.) However, the principles of estoppel have been applied to modify this rule, so that an obligor may become liable to an assignee although he would have had a good defense against the assignor. (American National Bank v. A.G. Sommerville, Inc. (1923), 191 Cal. 364 [216 P. 376].) Invoking the doctrine of estoppel in pais the court stated that *871 in order for the assignee to invoke this rule of estoppel (pp. 372 and 373) "The representation must be one intended by the party making it to be acted upon by the other, or made under such circumstances that the other had the right to believe that it was so intended." The question in the present case is whether appellant made such a representation. In his memorandum opinion the trial judge predicated liability on the fact that it is common knowledge that automobile contracts are assigned and that appellant put in motion a wrong which resulted in damage to the respondent. There is no evidence that appellant knew that the contract she signed was to be assigned and to attribute such "common knowledge" to her would be a harsh result where she informed the assignor of her incapacity to contract. She made no concealment of fact or fraudulent statement nor misrepresentation to respondent's assignor. The assignor was the culpable party by not informing the assignee of the appellant's incapacity; the assignee's remedy, if any, was against the assignor.
We believe that the principle of estoppel was wrongly applied by the trial court. It has been held in Dool v. First National Bank of Calexico, supra, 209 Cal. 717, 725, that estoppel could not have been invoked when a contract when made was absolutely void. The court said: "This is doubtless true of contracts that are void because prohibited by law or void because of violation of rules of public policy." (P. 725.)
The judgment is reversed with directions to enter judgment for defendant that plaintiff take nothing.
David, J., concurred.
SWAIN, P.J.
The two judges whose names appear above are designated to participate in the decision of this appeal.
A petition for a rehearing was denied December 18, 1959 (Swain, P.J., Huls, J., and David, J.), and the following opinion was then rendered.
THE COURT.
Davis v. Superior Court (1959), 175 Cal. App.2d 8, 17-18 [345 P.2d 513], which petitioner seeks to make applicable here, has no bearing on the case at bar. It involves a "seller" convict, ours involves a "buyer" convict on parole. Neither is authorized by Penal Code, section 2603, to buy property.