**In re Thelma V. SPIRTOS, Debtor.**

**Thelma V. SPIRTOS, Appellant,**

v.

**Irene MORENO, as Guardian "ad litem" for Raymond Guerena, Appellee.**

**No. 93–55954.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 1994.*

Decided May 24, 1995.

Douglas D. Kappler, Robinson, Diamant, Brill & Klausner, Los Angeles, CA, for appellant.

Joseph L. Shalant and Brian A. Yapko, Los Angeles, CA, for appellee.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

**1008**

Before: FARRIS, POOLE and KOZINSKI, Circuit Judges.

POOLE, Circuit Judge:

## I.

The facts of this case are undisputed. Thelma Spirtos and Dr. Basil Spirtos were married on June 13, 1954. Basil delivered Irene Moreno's son, Raymond Guerena, in 1977. Guerena was born with brain damage. Irene Moreno, as guardian ad litem for Raymond Guerena, sued Basil Spirtos for medical malpractice. *Irene Moreno et al. v. Beverly Hospital et al.*, Case No. C242972. Thelma and Basil separated on September 10, 1982. In December 1982, Thelma filed for divorce in California. On April 18, 1983, Moreno recorded a judgment against Basil in California Superior Court for $826,000 (the "Moreno judgment"). Thelma and Basil entered into a marriage settlement agreement ("MSA") which was incorporated into a final judgment of dissolution in early 1984.[1]

Pursuant to the MSA, Thelma and Basil each agreed to take their share of community property "subject to any existing encumbrances thereon." Each agreed to indemnify and hold the other harmless from and against any and all obligations assumed and expenses imposed, suffered or asserted against the other by reason of the encumbrances. Basil and Thelma agreed that the Moreno judgment was a community debt. Each agreed to assume an undetermined amount not to exceed one-half the civil judgment in that case.

Thelma claims that Basil failed to perform his obligations under the MSA.[2] As a result, she argues, secured creditors commenced foreclosure proceedings on her properties, forcing her to initiate Chapter 11 proceedings in 1984.

On August 24, 1987, Moreno filed a general unsecured claim against the Thelma Spirtos estate for the entire amount of her judgment plus interest from the date of judgment. Thelma objected, arguing that the MSA was a contract, and that her assumption of the Moreno debt was conditioned on Basil's performance of his obligations. Thelma argued that Moreno was merely a third party beneficiary to the contract who obtained rights only when she became a party to the dissolution action.

The bankruptcy court found that Thelma Spirtos unconditionally assumed one-half of the malpractice judgment pursuant to the MSA. The Bankruptcy Appellate Panel ("BAP") affirmed. Thelma Spirtos now appeals the BAP's decision.

## II.

 The only question for this court is a question of law: should the MSA, which was incorporated into the final judgment of dissolution, be considered a contract or a judgment. This question is subject to de novo review. *In re Unicom Computer Corp.*, 13 F.3d 321, 323 (9th Cir.1994); *In re Jensen*, 995 F.2d 925, 927 (9th Cir.1993); *In re Dewalt*, 961 F.2d 848, 850 (9th Cir.1992).

 A marriage settlement agreement loses its status as an independent contract when it is incorporated into a final divorce decree. *See Harris v. Commissioner*, 340 U.S. 106, 110, 71 S.Ct. 181, 184, 95 L.Ed. 111 (1950) ("In each case it is the decree that creates

---

1. Pursuant to the MSA, Thelma received six properties and assumed significant debt. Basil received less property, but assumed less debt. The couple intended that Thelma would sell four properties and use the proceeds to satisfy the debts. Until the four properties were sold, Basil was entitled to collect rents and was obligated to make mortgage, tax and insurance payments on those properties. If the sale of the properties did not generate sufficient funds to cover all debts, Basil agreed to provide a lien on his medical practice to pay half of the shortfall. Basil also agreed to pay spousal and child support and rent.

2. Specifically, Thelma claims that Basil failed to pay her child and spousal support and rent; collected rents for the four properties assigned to Thelma without making the mortgage, insurance and tax payments on them; failed to turn over half of the proceeds of a country club membership that he sold; and failed to give her a lien to cover half of the shortfall from the sale of the properties.

the rights and the duties; and a decree is not a 'promise or agreement' in any sense—popular or statutory.").

■ Under California law, a divorce decree operates like a contract to shift a couple's status from that of husband and wife to that of arm's-length single individuals. When one party fails to perform his obligations under a divorce decree, the other party may sue him under contract principles for his failure to perform. *Minor v. Minor,* 175 Cal.App.2d 277, 279, 345 P.2d 954 (1st Dist.1959); *Lane v. Lane,* 117 Cal.App.2d 247, 255 P.2d 110 (2nd Dist.1953).

■ The fact that the divorcing parties are liable to one another under contract principles, however, does not affect the rights of third-party creditors of the couple. California policy is to prevent frustration of the just claims of creditors. *Frankel v. Boyd,* 106 Cal. 608, 611–12, 39 P. 939 (1895). Under California law, a divorce decree transfers property only subject to the parties' existing liabilities to creditors. *Wikes v. Smith,* 465 F.2d 1142, 1146–48 (9th Cir.1972). *See also Robertson v. Willis,* 77 Cal.App.3d 358, 362–63, 143 Cal.Rptr. 523 (2nd Dist.1978) (community property, including the interests of the wife upon dissolution, is available to satisfy a husband's debts to his creditors); *Frankel,* 106 Cal. at 614–15, 39 P. 939 (husband's creditor with an interest in community property retains an equitable lien on the property transferred to wife in divorce decree when husband is awarded no community property).

Although it is unfortunate for Thelma that she must comply with her obligations to creditors under the MSA when Basil has failed to fulfill his obligations to her, Thelma is bound by the judgment of dissolution to fulfill her promise to pay one-half of the Moreno judgment. Thelma cannot deny Moreno her legitimate claim because Basil failed to uphold his part of the bargain. Thelma cannot seek recourse against Basil by refusing to pay debts to third parties. Rather, she must pay Moreno and then turn to the California court which granted her divorce to seek relief from Basil.

**AFFIRMED.**